Ex Parte Benjamin F. Morris.

Petition for Certiorari.

CERTIORARI—APPEAL FROM JUSTICES' COURTS IN CRIMI-
NAL CASES—TRIAL DE NOVO.

When there is an appeal, in a criminal case, from the judg-
ment of a justice of the peace to the Circuit Court, a trial
de novo is had in the latter court, on the affidavit, war-
rant and proceedings of the justice court returned to the
Circuit Court, under the provisions of Section 2981 and
2982 of the Revised Statutes of Florida, and an informa-
tion or indictment is unnecessary in such cases.

This case was decided by Division A.

T. P. Lloyd, for Petitioner.

Per Curiam.

The petitioner Benjamin F. Morris files his petition
here for a writ of certiorari to the Circuit Court of Citrus
county, alleging in substance that he was arrested and
tried before a justice of the peace on a warrant charging
him with the larceny of eight hogs, of the value of $9.00,
the property of W. E. Law; that a jury was waived, and
he was found guilty as charged and sentenced to pay a
fine of $100, and in default, to be confined in the common
jail at hard labor for six months. From this judgment
and sentence petitioner appealed to the Circuit Court;
that at the January term, 1903, of the Circuit Court of
Citrus county, the case was docketed and tried before a
jury for the offense as charged, on the affidavit and war-
rant alone, and a verdict of guilty was rendered.

A motion in arrest of judgment was made embracing several grounds, but being in substance that he was tried in the Circuit Court on the affidavit and warrant, and not on an information or indictment, and that the trial was had without jurisdiction and without due process of law. This motion was denied and the defendant excepted to this ruling.

The contention here is that inasmuch as appeals in such cases must be tried in the Circuit Court *de novo,* no such a case could be lawfully tried in the Circuit Court except on an information or indictment, and that the Circuit Court acquired no jurisdiction through or by the warrant and affidavit.

Section 11 Article V of the Constitution gives the Circuit Courts "final appellate jurisdiction in all civil and criminal cases arising in the county court or before the county judge, of all misdemeanors tried in criminal courts, of judgments or sentences of any mayor's court, and of all cases arising before justices of the peace in counties in which there is no county court."

Section 22 Article V of the constitution, as amended in 1897, (see laws 1895 p .367) provides that "appeals from justice of the peace courts in criminal cases may be tried *de novo,* under such regulations as the legislature may prescribe."

Article III, Chapter 4 Pt. 2, Tit. 2, Revised Statutes of Florida (sections 2979 to 2982 inclusive) prescribes the method of taking appeals from a judgment or sentence of a justice of the peace to the appellate court. Section 2981 provides: "The judge (justice) of the lower court from which an appeal is taken shall make especial return of the proceedings had before him, and shall cause it with the bond aforesaid, and also the affidavit, warrant and

return, and all other papers pertaining to the trial, to be filed in the said Circuit Court on or before the first day of its next term, and the complainant and the witnesses may also be required by him to enter into bond to appear before the said Circuit Court at the time aforesaid, and to abide by its order therein." Section 2982 provides: "The Circuit Court shall proceed to try all cases on appeal authorized by this article *de novo* as though the proceedings had been originally begun in that court." These are *special* provisions relating to special cases, and a compliance with these provisions is all that is necessary to give the Circuit Court jurisdiction.

Section 2887 Revised Statutes provides that "no person shall be tried for a felony in the Circuit Court except upon indictment found by the grand jury, but every misdemeanor of which the Circuit Court has jurisdiction may be tried upon indictment by the grand jury or upon information filed by the duly authorized prosecuting officer of the Circuit Court;" but this section has reference to the general original jurisdiction of the Circuit Court, and does not include misdemeanors of which the Circuit Court acquires jurisdiction by appeal. No provision of our constitution or Bill of Rights warrants the conclusion that a defendant who appeals from the sentence or judgment of a justice of the peace to the Circuit Court has a *right* to be tried on an indictment or information in the latter court. Section 10 of the Declaration of Rights relates entirely to a trial for a "capital crime or other felony," and justices of the peace have no jurisdiction to try either capital crimes or other felonies, but only misdemeanors. When the provisions of section 2981 have been complied with, the bond, affidavit, warrant, return and all other papers pertaining to the trial have been

filed in the Circuit Court, it acquires jurisdiction of the case, and is authorized to deal with it as though it had been originally instituted in that court, and try it on the affidavit and warrant.

The petition for a writ of certiorari is denied.