THE STATE OF FLORIDA *ex rel.* W. V. KNOTT, *Relator,* v. E. E. HASKELL, *et al., Respondents.*

Opinion Filed Aug. 16, 1916.

1. A return to an alternative writ of mandamus should, for the purpose of making an issue, set up a positive denial of material facts as stated, or should state other facts sufficient to defeat relator's right.

2. The statement of a return to an alternative writ of mandamus should be positive, and not on information and belief.

3. If the answer to an alternative writ of mandamus is wholly insufficient as a pleading, a demurrer will lie.

4. The sufficiency of the return to an alternative writ of mandamus may be determined on a motion for a peremptory writ.

5. A denial of matters alleged in an alternative writ of mandamus by way of inducement, does not present a material issue.

6. Where a portion of an answer to an alternative writ of mandamus is not responsive, but is wholly irrelevant to the allegations of the writ, such portion may be stricken on proper motion.

7. In so far as the general denials of an answer are qualified or explained by the positive averments as to "the truth and fact" of the matter in issue, the latter averments control, particularly where the denials are of negative allegations.

8. To an alternative writ of mandamus commanding the inspectors and clerk of a primary election at a certain precinct to properly and correctly tally and count and make a correct return of all the votes cast in the precinct at a primary election for the several candidates for nomination by a political party for a certain office so that the returns will correctly and accurately show all the first and second choice votes cast for each of the respective candidates named in the writ, or show cause why they refuse so to do, an answer which merely denies that the returns made by such inspectors and clerk

are · inaccurate, coupled with the averment that the ballots were called, counted and tallied as accurately as lay within their ability, is not a valid return.

Original Proceedings in Mandamus.

Peremptory writ awarded.

*Thomas B. Adams, A. B. & C. C. Small* and *W. J. Oven,* for Relator;
*W. W. Flournoy, D. C. Campbell* and *J. N. Blackwell,* for Respondents.

Per Curiam.—A demurrer to and a motion to quash the alternative writ herein were overruled. See State ex rel. Knott v. Haskell et al., 72 Fla.   , 72 South. Rep. 651.

By answer and return two of the inspectors of election and the clerk of election in district No. 2, defendants herein, deny that the tally books and returns are inaccurate and untrue and do not show a true account of the first and second choice votes cast for relator and the said Catts respectively, as shown by the ballots cast at the primary election; deny that an accurate call, tally and return of the votes cast for the office of Governor would show that the relator received any other number of first and second choice votes than the number shown by the returns of said election from said precinct; deny that a correct tally and return of the votes would show that the said Catts received any number of first and second choice votes other than those accredited to him as shown by the tally and returns of said election from said precinct; deny that they failed and neglected to perform their duties by reason of intentional mistakes, neglect, oversight or otherwise, or for any other reason within the range of human

control to prevent; deny that they permitted outsiders, partisans of the said Catts, who were not authorized by law nor under oath and not otherwise qualified to act, to assist in calling and tallying the votes cast in said election for the office of Governor; deny that a recount of the said ballots would show a substantial gain of first and second choice votes in favor of relator. Such answer also avers "the truth and fact to be as follows, to-wit: the said inspectors and clerk were duly appointed according to law and duly subscribed to the oath as required by law and honestly, faithfully and to the best of their ability, as required by law, they accurately called, counted and tallied all the votes cast in said precinct at said election for the office of Governor;" that they did not permit outsiders to assist in making the call and tally of said votes, but that they themselves made the call, count and tally of the ballots cast entirely without the assistance of persons not qualified. There are other irrelevant averments made on information and belief that need not be stated here. The relator moves to strike as irrelevant and impertinent a portion of the answer, demurs to the answer and moves for a peremptory writ on grounds to the effect that the answer is insufficient in law as a defense to the issuance of a peremptory writ.

A return to an alternative writ of mandamus should, for the purpose of making an issue, set up a positive denial of material facts as stated, or should state other facts sufficient to defeat relator's right. See Canova v. Commissioners Bradford County, 18 Fla. 512.

The statement of a return to an alternative writ of mandamus should be positive, and not on information and belief. Ray v. Wilson, 29 Fla. 342, 10 South. Rep. 613.

If the answer to an alternative writ of mandamus is wholly insufficient as a pleading, a demurrer will lie.

State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. Rep. 230.

. The sufficiency of the return to an alternative writ of mandamus may be determined on a motion for a peremptory writ. State *ex rel.* Railroad Com'rs v. Atlantic Coast Line R. Co., 61 Fla. 799, 54 South. Rep. 900.

A denial of matters alleged in an alternative writ of mandamus by way of inducement merely, does not present a material issue. Where a portion of an answer to an alternative writ of mandamus is not responsive, but is wholly irrelevant to the allegations of the writ, such portion may be stricken on proper motion. State *ex rel.* Florida R. Com'rs v. Atlantic Coast Line R. Co., 60 Fla. 218, 53 South. Rep. 601; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. Rep. 230.

In so far as the general denials of the answer are qualified or explained by the positive averments as to "the truth and fact" of the matter in issue, the latter averments control, particularly where the denials are of negative allegations.

The denial of "intentional mistakes, neglect or oversight" by the inspectors and clerk is irrelevant, since the alternative writ does not allege "intentional mistakes, neglect or oversight" on the part of the inspectors and clerks of election.

The issue tendered that outsiders did not assist in calling and tallying the votes cast, is not material since the allegation that outsiders did assist in counting and tallying the votes cast, was merely an inducement to the main allegation that the count and tally were inaccurate.

A denial that an accurate count would show a substantial gain of first and second choice votes in favor of the relator, is not material, since the purpose of the writ

is to require an accurate count, tally and return of the votes as cast.

The alternative writ commanded the defendants to properly, correctly and accurately tally and count, and proper, correct and accurate return make of all the votes cast in the named election precinct for the several candidates for nomination by the Democratic party for the office of Governor of the State of Florida, to be voted for at the next ensuing general election, so that such returns will properly, correctly and accurately show all the first choice votes cast for each of the respective candidates mentioned in the writ and, so that said returns will show all the second choice votes cast for the respective candidates for said nomination in accordance with law.

The basis for the issuing of the writ was the allegation of the petition that the inspectors and clerk of said precinct failed and neglected to perform their duties as inspectors and clerk in that the returns of said election sent in by them were incorrect and do not show the true number of first and second choice votes cast for the relator as appears upon the ballots cast by the electors voting at said precinct.

This court held in its opinion recently delivered in this case upon the question of the sufficiency in law of the alternative writ, that the relator was entitled to have the inspectors and clerk of said election precinct to correctly count, tally and return the votes cast at said precinct for him as aforesaid in said primary election.

The "answer and return" to the alternative writ, as made by two of the inspectors and the clerk of the election at said precinct, divested of its surplus averments, denies that the tally books and returns of the election from said precinct were inaccurate and untrue and failed

to show a true account of the first and second choice votes cast for the relator, and avers the truth and fact to be, that the inspectors and clerk honestly, faithfullly and to the best of their ability "accurately called, counted and tallied all the votes cast in said precinct at said election for the office of Governor." Neither the honesty, faithfulness nor ability of the inspectors and clerk of said election is an issue in this proceeding. The law requires, and such is the public duty of the inspectors, to correctly count and tally, and true and correct return make of the votes cast.

To an alternative writ of mandamus commanding these election officers to do that or show cause why they refuse so to do, a denial that the returns made by them are innaccurate, coupled with the averment that the ballots were called, counted and tallied as accurately as lay within their ability, constitutes no valid return to the writ. This is manifestly true, because however honest, faithful and able the officers may have been in counting and tallying the ballots, if they made any mistake either in the count, tally or return, then their duty was not performed. One ballot erroneously tallied and return thereof made against a candidate, is an injury to him and deprivation of his rights, as well as of the elector casting the ballot, whether the error was the result of accident or design.

If the respondents had answered that they had correctly counted and tallied the ballots cast and made a correct return thereof to the officers designated by law, or that the ballot box had not been safely kept by the Supervisor of Registration, as required by the statute, or that the seal had been broken or the ballots as deposited therein by the inspectors had been changed, so that an accurate count of the ballots cast at said election is now

impossible, which they have had ample opportunity to do if that be the fact, such an answer, as indicated in the Court's opinion upon the demurrer and motion would have been a perfect defense, if true. The issues thus presented could have been accepted by relator and the Court could have heard the case on its merits, examined the ballot box and contents, and issued or denied the peremptory writ as in its judgment the facts warranted. Counsel for respondents, however, did not see fit to prepare a return, if the same was prepared by them, with that certainty which the law of pleading requires in mandamus proceedings, and, unmindful of the rule that a pleading is tested by its weakest averment, and, if susceptible of two constructions, that which is most unfavorable to the pleader shall be taken, offers to the Court as an answer to the alternative writ an averment of facts as to respondents' good faith, ability and sincerity of purpose in the discharge of that duty which the law requires and the writ commands to be performed accurately.

The answer and return being wholly insufficient, it follows that the peremptory writ must issue.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD, and ELLIS, JJ., concur.