J. L. Mixson, as Secretary of Bebinger Properties, Inc., a corporation, *Plaintiff in Error,* vs. First National Bank of Miami, a corporation, *Defendant in Error.*

136 So. 258.

En Banc.

Opinion filed July 14, 1931.

*Shutts & Bowen, Louis Bonsteel* and *Jos. F. McPherson,* for Plaintiff in Error;

*Lilburn R. Railey,* for Defendant in Error.

BUFORD, C.J.—The writ of error in this case is to a judgment awarding peremptory writ of mandamus against plaintiff in error. It is alleged in the petition in effect that the First National Bank of Miami, Forida, petitioner, obtained a judgment against Bebinger in the sum of $24,-236.27; that on June 27th, 1929, execution was issued thereon and delivered to the Sheriff for levy and on the 17th day of July execution was levied on capital stock in various and sundry corporations held by the defendant Bebinger, among which was one share of stock in Bebinger Properties, Inc., held in the name of E. W. Bebinger and so appearing on the books of said corporation. The return of the Sheriff included a certificate of the Secretary of the corporation in the following language:

"I, J. L. Mixson, Secretary of Bebinger Properties, Inc., a corporation, incorporated under the laws of Florida, hereby certify that E. W. Bebinger is the holder of one share of stock in said corporation, as shown by stock book of the value of $500.00 and that same are fully paid for (are not fully paid for, there being the sum of $. . . yet unpaid thereon;

This statement is made on demand of the Sheriff of Dade County, Florida, under execution and is made under section 4534, Compiled Laws of Florida, 1927.

(sgd) J. L. Mixson
Secretary of Bebinger
Properties, Inc., a corporation."

The petition further alleges that pursuant to the levy notice of sale was published by the Sheriff and that pursuant to the notice sale was made by the Sheriff and the said share of stock in Bebinger Properties, Inc. was sold to the petitioner and a bill of sale conveying to the petitioner such share of stock was made by the Sheriff.

It is further alleged that on the 13th day of February, 1930, the petitioner exhibited the bill of sale to Mixson as Secretary of Bebinger Properties, Inc., and demanded that Mixson as Secretary of said corporation transfer to it the share of stock shown on the corporation books to be held in the name of E. W. Bebinger and that Mixson refused to comply with the request.

A demurrer to the petition was overruled. A motion to quash the alternative writ was denied.

It is first contended that mandamus will not lie to require the transfer officer of a corporation to transfer stock on the books of the corporation which has been purchased at judicial sale. The authorities draw a distinction between the rights and remedies of parties purchasing stock at a judicial sale and those purchasing stock at a private sale. Under Statutes of the State of Georgia in force at the time, the Supreme Court of that State in Bailey vs. Strohecker, 38 Ga. 259, 95 Am. Dec. 388, outlined a state of facts similar to those here under consideration and held:

"When an attachment was levied upon fifty shares of capital stock of a corporate company, and sold at sheriff's sale, it was the duty of the sheriff to give a certificate of purchase to the highest bidder, and on presentation of such certificate to the proper officer of the corporation, it was his duty to make the necessary transfer of the stock to the purchaser on the books of the company. In such case, the sheriff does not put the purchaser in possession, but the proper officer of the corporation is *pro hac vice,* a public officer under the code, charged with that duty, and if he refuses to do it, *mandamus* is the proper proceeding to compel its performance."

To like effect is the holding in the case of Haire vs. Burnelle, 106 Fed. 280.

Section 2852 R. G. S., 4539 C. G. L., provides:

"Shares of stock levied upon as hereinbefore provided shall be sold in the same manner as other property levied upon. The notice of such sale shall contain a statement of the number of shares to be sold, the corporation in which said shares are held, the amount paid in thereon and the amount unpaid. The sheriff or other officer conducting said sale shall execute to the purchaser thereat a bill of sale of said shares, and such bill of sale shall vest in the purchaser all the title of the judgment debtor; and upon the presentation of such bill of sale to the secretary or other officer controlling the transfer books of such corporation, it shall be his duty to transfer the said stock from the judgment debtor to the purchaser."

Under this provision the transfer officer of the corporation becomes an officer of the court for the purpose of consummating the execution of judgment of the court. In other words, as the corporate stock is an intangible thing, the possession of which the sheriff is without power to deliver to the purchaser, the statute confers upon the transfer officer of the corporation the authority and duty to do that thing which the sheriff cannot do by delivering to the purchaser proper certificates of stock of the corporation and thereby prima facie divesting the judgment debtor of his property rights in such intangible property. Because of this official status being conferred by statute upon the transfer officer of the corporation mandamus will lie to compel him to perform such official duty.

It is next contended that the petition and writ fail to sufficiently allege the ownership of the stock in the judgment debtor. The certificate of the transfer officer is attached to and made a part of the petition. Section 17 of Chapter 10096, Acts of 1925, 6543 C. G. L., provides as follows:

"Every stockholder shall be entitled to have a certi-

ficate signed by officers or agents designated by the corporation for the purpose, certifying the number of shares owned by him in such corporation.''

Section 18 of the same Act, section 6544 C. G. L., provides, in part, as follows:

"The shares of stock in every corporation shall be personal property, and shall be transferable on the books of the corporation in such manner and under such regulations as may be provided in the by-laws.''

The rule is as stated in Merchants Broom Co. et al., vs. Butler, et al., 70 Fla. 397, 70 Sou. 383:

"The alternative writ in mandamus proceedings must show a clear *prima facie* case in favor of relator. In order to make out a *prima facie* case the writ should allege all the essential facts which show the duty and impose the legal obligation on the respondent to perform the acts demanded of him as well as the facts that entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation.

A demurrer to an alternative writ of mandamus stands upon the same footing as a demurrer in any other action at law and is to be treated in the same way, that is as admitting as true all such matters of fact as are sufficiently pleaded.

A demurrer to an alternative writ of mandamus admits as true all well-pleaded allegations of fact and all fair and pertinent inferences or conclusions of fact in the writ that are not inconsistent with or repugnant to accompanying specific detailed allegations of facts and circumstances; but it does not admit conclusions of law stated in the writ.''

The certificate of the transfer officer attached to and made a part of the petition and which must be considered in connection with the alternative writ must be construed in connection with section 6543 C. G. L., above quoted, which leads us to the conclusion that these pleadings sufficiently allege the ownership of the stock to have been vested in the judgment debtor at the time of the levy.

It appears, therefore, that the orders overruling the de-

murrer and denying the motion to quash were without error.

After the demurrer had been overruled and the motion to quash denied, the respondent filed a return and upon motion certain portions of the return were stricken, which action of the court is made the basis of other assignments of error.

The order was to strike the 4th, 5th and 6th paragraphs of the answer and return which were as follows:

"Further answering said petition, respondent avers that the said E. W. Bebinger never had or claimed to have any beneficial interest in the share of stock described in the petition; that such share of stock was so issued to and held by the said E. W. Bebinger, in aid of and in connection with his gift to Hannah J. Berbinger, his wife, of the beneficial interest in certain properties conveyed by him to Bebinger Properties, Inc., and for no other purpose.

V. Further answering said petition, respondent avers that heretofore and on, towit, the 30th day of June, 1927, said E. W. Bebinger assigned said share of stock to Bebinger Properties, Inc., which said corporation then and there and on that date became and was indebted to The LeBlond & Orr Co., a corporation organized and existing under and by virtue of the laws of the State of Florida, and in order to secure said indebtedness, pledged said share of stock assigned to it by the said E. W. Bebinger, together with other collateral, to the said The LeBlond & Orr Co.; that said Bebinger Properties, Inc. is now and since the 30th day of June, 1927, has been, indebted to the said The LeBlond & Orr Co. in the sum of Five Thousand and no/100 Dollars ($5,000.00), and that said share of stock is now and has been continuously since June 30, 1927, held by the said The LeBlond & Orr Co., as pledgee, to secure said indebtedness.

VI. That heretofore and before the filing of petition for alternative writ of mandamus, petitioner instituted proceedings supplementary to execution, and examined the said E. W. Bebinger concerning, among others, the ownership of the stock described in the petition, and had at that time and in those proceedings a sufficient op-

portunity to have had the ownership of said stock determined, and that upon final hearing said proceedings supplementary to execution were dismissed.''

The 4th paragraph contradicts the certificate made by the relator as transfer officer of the corporation and constitutes no defense in behalf of the petitioner. It will be observed that sections 17 and 18 of Chapter 10096, Acts of 1925, 6543 C. G. L. and 6544 C. G. L., were enacted subsequent to the date of the opinion of this Court in the case of Ploof Machinery Co. et al., vs. Fourth National Bank of Florida, et al. Aside from this, however, that suit was to accomplish the adjudication of priorities between claimants and with the question of priorities as between Bebinger Properties, Inc. and First National Bank of Miami, the respondent, plaintiff in error here, is not concerned, nor should he be interested. It is his duty, under the statute and under the facts shown to have existed, to transfer the stock on the books of the corporation and issue the stock certificate to the purchaser under execution sale, as was demanded of him. Then, if there is any question of priorities and the right of property in the share of stock involved, such question may be adjudicated in a proper suit between the parties at interest.

In the case of State vs. Haskell, 72 Fla. 244, 72 Sou. 651, it was held:

"A return to an alternative writ of mandamus should, for the purpose of making an issue, set up a positive denial of material facts as stated, or should state other facts sufficient to defeat relator's right. See Canova vs. Commissioners of Bradford County, 18 Fla. 512. The statement of a return to an alternative writ of mandamus should be positive, and not on information and belief. Ray v. Wilson, 29 Fla. 342, 10 South. 613, 14 L. R. A. 773.

If the answer to an alternative writ of mandamus is wholly insufficient as a pleading, a demurrer will lie. State ex rel. Ellis v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. 230.

The sufficiency of a return to an alternative writ of

mandamus may be determined on a motion for a peremptory writ. State ex rel. Railroad Commrs. v. Atlantic Coast Line R. Co., 61 Fla. 799, 54 South. 900.

A denial of matters alleged in an alternative writ of mandamus by way of inducement merely does not present a material issue. Where a portion of an answer to an alternative writ of mandamus is not responsive, but is wholly irrelevant to the allegations of the writ, such portion may be stricken on proper motion. State ex rel. Florida R. Com'rs. vs. Atlantic Coast Line R. Co., 60 Fla. 218, 53 South. 601; State ex rel. Ellis v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. 230.

It, therefore, appears that the motion to strike the 4th paragraph of the answer and return was without error. The observations in regard to the granting of the motion to strike the 4th paragraph of the answer and return apply equally to the order striking the 5th and 6th paragraphs of the answer and return. The matters and things set up in these paragraphs of the answer might be relevant and constitute the basis of justiciable issues between proper parties in a suit to determine the ownership of the share of stock represented by the certificate required to be issued, but in this case these allegations are irrelevant and immaterial.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS, J., dissents.

BROWN, J., not participating.