STATE OF FLORIDA, ex rel., NEW YORK LIFE INSURANCE
COMPANY, a Corporation, *Relator,* v. LESLIE A. CURRY,
as Mayor of the City of Key West, Florida, et al., *Re-
spondents.*

139 So. 891.

En Banc.

Opinion filed February 16, 1932.

*Shutts & Bowen* and *Herbert S. Sawyer,* of Miami, for Relator;

*J. Lancelot Lester* and *Wm. V. Albury,* of Key West, for Respondents.

DAVIS, J.—In this case an alternative writ of mandamus was issued out of this Court requiring the respondents, Leo H. Warren, George L. Babcock, Ambrose W. Cleare, William A. Freeman, Ulric Gwynn, V. A. Johnson and Carl Thompson, as and constituting the City Council of the City of Key West, Florida, and their successors in office, forthwith and without undue delay, to pay over to the relator, a bond holder of the city's bonds, the sum of twelve hundred and fifty dollars alleged to be on hand in the sinking fund of said City, available for payment of the past due interest owing by the city to relator on account of interest coupon numbered 38, held and owned by relator, which matured July 1, 1931.

To this the respondents answered that the City of Key West had on hand in its interest and sinking fund the sum of $2,402.63, but that the City was in default in the payment of $12,925.00 owing for interest which became due prior to July 1, 1931, on its other outstanding bonds. The defense is that the City of Key West should not be required to pay relator's interest coupon numbered 38 which matured July 1, 1931, until such time as the City has paid the interest coupons due on its bonds falling due prior to date of maturity of relator's claim.

Relator moved for a peremptory writ, the return to the contrary notwithstanding and that motion came on for hearing before the Court sitting en banc for the purpose of hearing arguments in several other similar cases then pending which involved substantially the same question and which have since been decided.

On the authority of DuPont Ball, Inc., vs. S. E. Livingston, decided at the present term, the opinion in which was filed January 12, 1932, the relator's motion for a peremptory writ in this case should be granted, and it will be so ordered.

In the case just cited it was held that general creditors of a municipality, holding claims secured by the general power of taxation, are entitled to proceed by mandamus to enforce payment of their demands, where there is a fund on hand out of which payment is authorized and required to be made and which is sufficient for that purpose when the holder of a claim having a right to enforce the duty of payment, institutes his suit for that purpose. In cases like this, the writ of mandamus is employed in like manner as an execution at law on a judgment for the debt, and the writs of mandamus when applied for and issued, accordingly take priority among themselves in the order in which service of them is made on the respondents.

The fact that the municipality owes others equally en-

titled to payment out of the funds on hand, or that such others have demanded payment out of the same funds, which are insufficient to pay all having demands to assert, constitutes no defense which can be advanced on behalf of the original debtor. State ex rel. Gillespie vs. Carlton, Governor, decided at the last term, opinion filed December 9, 1931.

Mandamus being in the nature of an execution to compel the application of available funds to a matured demand, neither presentation for payment by relator, nor demands for payment served by other adverse claimants to the same fund, is material to the award of a peremptory writ, when it sufficiently appears that the indebtedness of the city sued for is due and that there are funds on hand available for application to discharge it in accordance with the municipality's contract to pay. See State ex rel. National Discount Corporation vs. S. E. Livingston, as Mayor, et al., decided at the last term, opinion filed December 11, 1931.

Peremptory writ of mandamus awarded.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.