STATE OF FLORIDA, ex rel. HAROLD C. REMPSEN, *Relator*, vs. CLARENCE SMITH, as Mayor of the City of St. Cloud, Florida, and CLARENCE SMITH, J. D. HARRIS, H. C. CLARK, EMMA E. RAYMOND, W. H. MILLISON, as Commissioners and Trustees of the Sinking Fund of the City of St. Cloud, Florida, *Respondents.*

141 So. 318.

Division B.

Opinion filed May 2, 1932.

Petition for rehearing denied June 20, 1932.

*Allan Bryan* and *Fred R. Baisden,* for Plaintiff in Error;

*O. S. Thacker,* for Defendants in Error.

DAVIS, J.—In this case it was alleged in an amended alternative writ of mandamus that the City of St. Cloud, Florida, had funds on hand for the purpose and sufficient to pay each and every of certain bond coupons held by the relator. The command of the writ was that respondents, as Trustees of the sinking Fund of the City of St. Cloud, forthwith convene and authorize the payment of and pay the relator's coupons upon the presentation and surrender thereof, and that respondents as such trustees do approve the disbursement; that the respondent Emma E. Raymond, as city treasurer, sign the warrant, and that the respondent, Clarence Smith, as Mayor, do countersign the warrant, to make such payment. The total amount of the coupons involved was shown to be $5,000.00.

Motion to quash the alternative writ was denied, after which respondents filed a demurrer and an answer. Relator then moved for a peremptory writ, which was awarded. Before it was executed, the court granted a rehearing and later entered a final judgment denying a peremptory writ and dismissing the proceeding, with costs. This writ of error was taken from the judgment denying a peremptory writ, the answer and demurrer of the respondents to the contrary notwithstanding.

The substance of the answer was to the effect that the respondents admitted the issuance of the bonds and that they had not been paid, but that no judgment had been recovered on the bonds nor had the bonds been validated by any court of competent jurisdiction; that the respondents were without knowledge of the ownership and possession of the coupons claimed by relator and demanded strict proof of such ownership and possession; that at the time that respondents were served with the alternative writ (which was on January 2, 1932) they had on hand sufficient funds to pay the coupons alleged to belong to relator but that the respondents did not have sufficient funds to pay all bonds that were past due and outstanding, nor sufficient funds to pay in accordance with several other writs of mandamus which had been issued and were outstanding; that no legal demand and presentation for payment had ever been made on respondents by relator, and that it was not the respondents' duty to do the several things commanded.

The answer to the alternative writ, as amended, also set up the details of the alleged other outstanding writs of mandamus against respondents as follows: (1) an alternative writ of mandamus for $910.00 issued in the case of State ex rel. Pat Johnson, on January 5, 1932; (2) an alternative writ of mandamus for $5,900.00 issued in the case of State ex rel. H. L. McDonald on January

5, 1932; (3) an alternative writ of mandamus for $5,121.67 issued in the case of State ex rel. Davis J. Robinson on January 11, 1932. The command of the last mentioned alternative writ was alleged to have been that respondents should not disburse the sum of $5,121.67 to Harold C. Rempsen, or Pat Johnson or H. L. McDonald, the claimants thereto, but should disburse the said sinking fund on a prorata basis, or show cause for not doing so.

Based on these several allegations of the answer, the respondents averred that it was impossible for them to comply with the terms of all the outstanding alternative writs of mandamus with which they had been served, and accordingly prayed that no peremptory writ should issue.

In revoking the first ordered award of a peremptory writ, the Circuit Judge held that the answer contained denials which required the taking of testimony in support of the alternative writ's allegations. Relator declined to offer any testimony, and insisted that on the amended writ and the return, he was entitled to a paremptory writ, notwithstanding the answer of respondents. This contention the court overruled and relator declining to offer proof, final judgment was entered against the relator.

We are of the opinion that the judgment so entered was erroneous.

The alternative writ alleges that the city of St. Cloud is a municipal corporation under the laws of Florida, existing under Chapter 14377, Acts of 1929, Laws of Florida;* that the respondents are the duly qualified and acting officials of said city; that being thereunto authorized by the laws of Florida, the city had issued $500,000.00 of Improvement bonds dated July 1, 1925;

---

*But see Chapter 8352, Acts of 1919, which was the Charter under which the bonds in this case were issued by authority of Chapter 11207, Acts of 1925.

that such bonds were issued under Chapter 11209, Acts of 1925, Laws of Florida; that each of the bonds was for $1,000.00, bearing interest at the rate of 5 per cent. per annum; that such interest was payable semi-annually each year until maturity of the bonds; that the several installments of interest accruing upon each bond were evidenced by interest coupons thereunto annexed when issued; that in and by each of the said bonds it was recited, certified and declared by the city that all acts, conditions and things required by law to exist, happen and be performed precedent to, and in the issuance of, said bonds existed, had happened and had been performed in regular and due time, form and manner, as required by law; that certain of the interest coupons pertaining to the bonds aforesaid were held by relator; that relator had purchased for value prior to maturity the bonds bearing same and without notice of any defense thereto; that relator's said coupons were then due and unpaid; that the City of St. Cloud, Florida, then had on hand applicable funds sufficient to pay each and every of said coupons; that respondents had been requested to pay the amounts due as interest upon the above mentioned bonds as evidenced by relator's coupons, and had failed and refused to do so. Each of the coupons alleged to be held by relator was specifically described in the writ.

Such alternative writ of mandamus was sufficient to require the issuance of a peremptory writ in the absence of a return by respondents setting up a sufficient denial, or a legal confession and avoidance of its allegations. State ex rel. Knott v. Haskell, 72 Fla. 176, 244, 72 Sou. Rep. 651; State ex rel. Patton v. Bloxham, 33 Fla. 482, 15 Sou. Rep. 227.

Where a return by way of denial is relied on, the denial must be a denial of sufficient of the material alle-

gations of the alternative writ to constitute a good defense, because it is the duty of respondent in a mandamus proceeding not only to answer the allegations, but to show sufficient cause by such answer for the nonperformance of the alternative writ's commands. Mixson v. First National Bank, 102 Fla. 468, 136 Sou. Rep. 258.

All facts sufficiently alleged in the alternative writ, not specifically denied, are admitted to be true. But when the return amounts to a confession and avoidance, though containing denials of some portions of the alternative writ, the avoidance must be as broad as the confession, or the return will be held bad and a peremptory writ issued, notwithstanding the interposition of a return containing denials. State ex rel. Davis v. A. C. L. R. R. Co., 97 Fla. 816, 122 Sou. Rep. 256; State ex rel. Burr v. S. A. L. Ry. Co., 92 Fla. 61, 109 Sou. Rep. 656, 92 Fla. 1139, 111 Sou. Rep. 735.

In this case the return, by failure to deny, admits the allegations of the alternative writ (1) as to the issuance of the bonds; (2) their negotiable character; (3) that they were properly authorized by statute; (4) that they had been acquired by relator by purchase before maturity for value and without notice of infirmity; (5) that the bonds had been validated after issuance, at least by an act of the Legislature, if not judicially; (6) that when issued such bonds contained recitals by the city issuing them that all conditions precedent authorizing them had been complied with;* (7) that the relator's interest coupons which were annexed thereto when issued, had not been paid; (8) that the City had funds on hand sufficient to pay such coupons; (9) that it had failed or refused to pay them.

Such allegations of the alternative writ so admitted

---

*As to the legal effect of such recitals in negotiable municipal bonds see Henderson County v. Travelers Ins. Co., 63 C. C. A. 467, 128 Fed. 817.

to be true were sufficient to support relator's motion for a peremptory writ. The command of the writ is that respondents be required to pay the coupons only upon presentation and surrender by relator. Neither demand, nor presentation, nor offer to surrender in advance of the institution of suit, was necessary to be shown by the holder to entitle relator to such relief. See State ex rel. New York Life Ins. Co. v. Curry, 104 Fla. 242, 139 Sou. Rep. 891; Rountree et al. vs. State ex rel. Georgia Bond & Mortgage Co., 102 Fla. 246, 135 Sou. Rep. 888.

Since by the terms of the writ's commands, the relator could only obtain the payment of such coupons upon presentation and surrender of them after a peremptory writ was granted, the allegation in respondents' answer to the effect that they were without knowledge as to the ownership or possession of such coupons, was utterly immaterial. *Non constat* the duty enjoined by the peremptory writ would only have to be performed upon an actual demonstration of relator's alleged possession of the coupons by his presentation and surrender of such coupons after the peremptory writ issued. So no triable issue of fact was raised by respondents' answer on this point.

In State ex rel. New York Life Ins. Co. vs. Curry, 104 Fla. 242, 139 Sou. Rep. 891, we have held subsequent to the date of entry of the judgment in the court below:

"Mandamus being in the nature of an execution to compel the application of available funds to a matured demand, neither presentation for payment by relator, nor demands for payment served by other adverse claimants to the same fund, is material to the award of a peremptory writ, when it sufficiently appears that the indebtedness of the city sued for is due and that there are funds on hand available for application to discharge it in accordance with the municipality's contract to pay. See State ex rel. National Discount Corporation v. S. E. Livingston, as Mayor, et al.

(Fla.) 139 Sou. Rep. 364, decided at the last term, opinion filed December 11, 1931.''

That doctrine has recently been reaffirmed in the case of Little River Bank & Trust Co. v. Johnson, et al., decided at the present term, opinion filed April 19, 1932, not yet officially reported.

In the last cited case we held that where the bonds sued on were either admitted as valid obligations, or were shown by a validation proceeding to have been duly adjudicated as such, the only permissible reply to a mandamus proceeding to coerce the performance of the duty to provide for payment, in accordance with the statute under which the bonds had been issued, was an answer showing release, payment or discharge of the obligation sought to be enforced, the mandamus in such cases being in the nature of an execution to collect the amounts due and unpaid on the bonds.

So on the authority of the cases just cited, and the previous authorities referred to therein, the judgment in the instant case must be reversed with directions to have such further proceedings as may be according to law, not inconsistent with this opinion.

Reversed and remanded.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.