TURPIN GERARD, WILLIAM L. HOAG, GRANT M. HOLDEN, H. A. MAZINER, H. T. MAFZIGER, as and constituting the Council of the Town of Davenport, Florida; GEORGE H. SPANGLER, as Mayor of the Town of Davenport, Florida, and ALEX L. PARKER, as Town Treasurer of the Town of Davenport, Florida, *Plaintiff in Error,* v. STATE OF FLORIDA, *ex rel.* CARL T. PLEUS, *Defendant in Error.*

148 So. 552.
Opinion filed May 24, 1933.

*Maxwell & Cobbey* and *Gordon C. Huie* and *Robert T. Dewell,* for Plaintiff in Error;

*George B. Carter and Fred S. Scott,* for Defendant in Error.

PER CURIAM.—The defendant in error was Relator in the Court below and he procured alternative writ of mandamus commanding the plaintiff in error to show cause why certain funds when held by the respondents should not be delivered to him in payment of the principal sum of three defaulted bonds of a series of street improvement bonds. It was alleged that there was enough mony in the street improvement bond fund with which to pay these bonds. The respondents made return in effect alleging that there was sufficient money in the fund, but that it was a trust fund; that there were other outstanding past due bonds in default and that there was not sufficient money in the fund to pay all past due bonds; that the fund accrued from a special assessment levied on the benefitted property affected by the improvement for which the bonds were issued.

It was contended that this was a special trust fund and that the respondents should not be compelled to pay the relators bonds in full while other bonds were in default and the fund was not sufficient to pay all. This contention is bottomed on the fact that in the bonds it was stated: "that special assessments against the property especially benefitted

by said improvements equal in value to said bond had been set aside as a trust fund for the payment of principal and interest of said bond"; and that this recitation in the bond was based upon a resolution duly adopted by the municipal authorities in which the said fund was declared to be set aside as a trust fund for the payment of the bonds.

It is contended that this provision of the resolution, and the inclusion thereof in the bond, give to this fund a different status than that which it would otherwise have held. With this we cannot agree. These recitals constitute only a statement of that status which the law applied to the fund, without such statement. In other words, the declaration in the bonds and in the resolution that the fund was, and is, a trust fund gave it no different status than that which it would have had without such statement.

Therefore, it follows that the demurrer to the return was properly sustained and the peremptory writ was properly issued on authority of the opinion and judgment in the cases of State ex rel. Gillespie v. Carlton, et al., 103 Fla. 801, 138 Sou. 612; State ex rel. DuPont Ball, Inc. v. Livingston, Mayor, et al., 104 Fla. 33, 139 Sou. 360; State ex rel. National Discount Corporation v. Livingston, Mayor, et al., 103 Fla. 841, 139 Sou. 364; State ex rel. New York Life Insurance Co. v. Curry, 104 Fla. 242, 139 Sou. 891, and State ex rel. Rempsen v. Smith, Mayor, 105 Fla. 368, 141 Sou. 318, and cases there cited.

The judgment should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J. and WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent.

BROWN, J. (Dissenting).—I am inclined to think the special fund derived from the special assessments on abutting

property, presumably according to benefits conferred, constitute a trust fund which should be divided among the bondholders equally—giving each his pro rata share, and that the courts should not compel the town to grant any particular bondholders a preference out of this fund—a limited fund—not one derived from ad valorem taxes raised by the partial exercise of a theoretically "unlimited power to tax."

ELLIS, J. concurs.