State, *ex rel.* J. W. GILLESPIE, *et al.,* v. FRED WALSMA, Mayor-Commissioner, *et al.*

152 So. 196.
Opinion Filed January 12, 1934.

*Hull, Landis & Whitehair,* for Relators;
*Gordon C. Huie,* for Respondents.

Davis, C. J.—In this case an amended alternative writ of mandamus alleges that the respondents, city officials of Haines City, Florida, in preparing the city's budget, appropriation ordinance and tax levy for the year 1932, failed and neglected to make therein any provision whatsoever for paying the amounts of principal and interest of certain of the city's bonds and coupons of which relators averred themselves to be the holders. The command of the alternative writ is for a revision of the 1932 budget and appropriation ordinance of said Haines City so as to include therein a sufficient appropriation to be raised by taxation for the ensuing fiscal year, to pay the bonds and interest coupons of relators as described in the alternative writ. Commanded also is the levy of an appropriate and sufficient tax to meet the budget appropriation when made.

No defenses are presented by the return of the respondents herein other than such as have been repeatedly held by this Court to be insufficient in law to preclude a judicial requirement in the form of a peremptory writ of mandamus that the respondents take the necessary steps to appropriate funds and levy taxes to pay the obligations of the municipality of Haines City resting in the enforceable contract consummated by the issuance and sale of the bonds sued on as duly validated public securities of the City of Haines City.

A denial that relators are the joint owners, bearers or holders of municipal bonds as alleged and described in an alternative writ of mandamus, which writ requires simply

that adequate provision pursuant to law be made for the payment of the same as and when due, is insufficient as a legal justification or excuse for a confessed failure of the obligor municipality to make any provision for payment thereof in advance of maturity, as the statute under which the bonds were issued enjoins and requires as part of the contractual obligation.

Under the statutes, and by the contract which a city enters into when it issues bonds and coupons as its general obligations payable to bearer, it is the duty of the duly constituted and authorized governing officials of the obligor municipality to make due provision for payment of the bonds and coupons upon presentation and surrender of the securities, regardless of who might happen to be the bearer at the time of such presentation and surrender. And this inescapable mandatory duty is enforceable by mandamus instituted at the instance of any person holding for the time being any of the affected unprovided for bonds or coupons. State *ex rel.* Rempsen v. Smith, 105 Fla. 368, 141 Sou. Rep. 318.

Neither is failure to make demand, presentation, nor offer to surrender the securities, in advance of the institution of the suit, necessary in such cases to entitle the holder to maintain such a mandamus suit when the object of the mandamus is to have mandatory duties performed which must be executed in advance of payment in order to make possible on the obligor's part, such as the raising in a budget or by a special tax levy, of the funds necessary to be raised for the purpose of payment, either before or after maturity, when this is shown to be indispensable to be done for that purpose. State *ex rel.* Harris v. City of Fort Pierce, 111 Fla. 174, 149 Sou. Rep. 338; State *ex rel.* Rempsen v. Smith, *supra;* State *ex rel.* New York Life Ins. Co. v. Curry, 104 Fla. 242, 139 Sou. Rep. 891; Rountree v. State *ex rel.*

Georgia Bond & Mtge. Co., 102 Fla. 246, 135 Sou. Rep. 888; Little River Bank & Trust Co. v. Johnson, 105 Fla. 212, 141 Sou. Rep. 141; State ex rel. Gillespie v. Baskin, 102 Fla. 329, 136 Sou. Rep. 262; Columbia County v. King, 13 Fla. 451.

The duty required to be performed in this proceeding being a continuing one under the law, the plea of disorder and confusion to be occasioned by the issuance of peremptory writ in the form prayed for, must, if sustained, simply result in the carrying over of the required appropriation and tax levy into the next ensuing current budget of the respondent city, and not in a complete avoidance of the duty in its entirety. State ex rel. Klemm v. Baskin, 111 Fla. 517, 150 Sou. Rep. 517; State ex rel. Taliaferro v. Baskin, decided at the present term, opinion filed December 4, 1933 (not yet reported).

The motion for peremptory writ will be granted upon condition that relator so amend the alternative writ that the commands thereof will apply to the next ensuing budget and appropriation ordinance of the city, in order to avoid the disorder and confusion which would be otherwise occasioned by ordering the budget for the year 1932 to be revised and an additional tax for the tax roll of that year placed thereon.

Motion for peremptory writ of mandamus granted, subject to condition that alternative writ be amended in a manner not inconsistent with the holding of this opinion.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J.; concur.