STATE, *ex rel.* F. P. WOODWARD, v. J. M. LEE, as Comptroller

156 So. 691.
Opinion Filed October 3, 1934.

*B. A. Meginnis,* for Relator;

*H. E. Oxford,* for Respondent.

PER CURIAM.—To the answer made by the respondent and filed July 11, 1934, the relator, by his counsel interposed a motion to strike and asked for the issuing of a peremptory writ.

On May the 15th, 1934, this Court by order allowed the respondent ten days from the entry of the order in which to interpose an answer to the writ denying the material allegations of employment of the relator by the "Assessment Board" for the period alleged, and that he has never been discharged by a majority vote of the Board from such employment.

The answer does not meet the requirements of that order but encumbers the record with many averments which may be evidentiary of respondent's contention that the relator was not employed by the Assessment Board and that by consent and approval of a majority of the Board he was discharged from the service of the State in the position of Assessment Engineer. The answer contains, however, in its entirety a denial of employment by the Assessment Board of the Relator for a period of two years and a joinder of issue upon the allegation that relator was not discharged from his employment by a majority vote of the members of the Board.

We conclude, therefore, to allow the answer to stand in so far as it amounts to a categorical denial of employment and an affirmative defense that the relator was relieved of his employment by and with the approval of a majority vote of the members of the Board; that the case shall proceed to trial upon those issues. All evidentiary matter and other recitations and averments are stricken. The motion to strike is denied in so far as it sought to eliminate the two defenses as above stated and granted as to all other unnecessary and superfluous averments of evidentiary and other matters.

The motion for a peremptory writ is denied.

ELLIS, TERRELL and BUFORD, J. J., and HUTCHISON, Circuit Judge, concur.

BROWN, J., concurs in part and dissents in part.

DAVIS, C. J., disqualified.

BROWN, J. (dissenting in part and concurring in part).—
It is not always easy for the pleader to avoid alleging mere legal conclusions on the one hand or evidentiary facts on the other. This task might sometimes be likened, in its difficulty, to the traditional danger of attempting to sail

between Scylla and Charybdis.  Ordinarily rules of good
pleading require that the allegations be confined to succinct
statements of the ultimate facts which the pleader must
prove in order to sustain his cause of action or defense
avoiding allegations of the evidence by which he intends to
prove such ultimate and essential facts.  This rule is both
important and reasonable, and, in theory, it sounds easy
enough, but in practice compliance therewith is often not
so easy.  It frequently happens that such succinct and con-
cise pleading of ultimate facts is attacked in the courts, and
sometimes successfully, on the ground that the pleader is
alleging legal conclusions or mere conclusions of the pleader.
Parenthetically it might be observed that sometimes it is
not possible to allege an ultimate fact without at the same
time alleging a conclusion of the pleader, otherwise the
pleader would be compelled to allege a vast number of
particulars which go to make up the ultimate fact which
must be concluded by the pleader to exist and result from
the mass of particular fact which it will later be necessary
to prove in order to sustain the ultimate fact thus alleged,
and which "ultimate fact," though honestly alleged, may
or may not be proven to have been a legitimate conclusion
to be arrived at from a fair consideration of the many par-
ticularities or circumstances which may be shown in evi-
dence in an effort to sustain the ultimate fact so alleged.  If
a concise pleading, alleging merely the ultimate facts, is
attacked by the opposing party on the ground that it is a
mere statement of legal conclusions or conclusions of the
pleader and this attack is sustained by the court, and the
pleader amends by pleading his case more at length and with
greater particularity, his amended pleading may sometimes
be attacked on the ground that he is alleging mere eviden-
tiary matter because good lawyers and able judges fre-

quently differ on the questions thus raised. However, except in certain classes of cases, such as mandamus cases or cases where a pleading charges fraud and the rule requires that the facts be set out with considerable particularity, the tendency of the courts, which the writer thinks is justifiable, is to favor such conciseness in pleading the ultimate and essential as is possible without carrying such conciseness and succinctness to the extreme of alleging mere legal conclusions or conclusions of the pleader with such generality and vagueness as to leave the court guessing as to what essential facts the party relies upon as constituting his cause of action or defense.

Now, in mandamus cases, our court has laid down some helpful rules of pleading, the observance of which greatly facilitates the proper handling of such cases in the courts. Thus, this court has held that all defenses which a party has should be presented in his answer to the alternative writ, so that they may be determined before the peremptory writ is awarded. State v. Tavares, etc., R. Co. 78 Fla. 329, 82 S. 833. A return to an alternative writ of mandamus, for the purpose of making an issue, should set up a positive denial of material facts as stated, or should state other facts sufficient to defeat relator's right. Mixon v. First National Bank, 102, Fla. 468, 136 So. 258, and cases cited. And it is also held in the case of State v. Smith, 105 Fla. 368, 141 So. 318, that it is the duty of the respondent in a mandamus proceeding, not only to answer the allegations, but to show sufficient cause by such answer for the non-performance of the alternative writ's commands. When a defense consists of matters in confession and avoidance, the return must aver in detail every fact necessary to establish the avoidance. State v. Seaboard Airline R. Co., 92 Fla. 61, 109 So. 656. A general denial in an answer in man-

damus may be qualified or explained by the positive affirmations of the answer. State *ex rel.* Knott v. Haskell. 72 Fla. 244, 72 So. 651. A return to a sufficient alternative writ of mandamus must state all the facts relied upon by the respondent with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass upon the sufficiency of the return; and its statements can not be supplemented by inference or intendment. State v. Seaboard Airline R. Co. 92 Fla., 109 So. 656. And in the same case it has held that "great strictness of pleading is required in returns which set up matter of confession and avoidance." See also Ray v. Wilson, 29 Fla. 342, 10 So. 613, 14 L. R. A. 773.

Applying the above rules to the answer filed by the respondent in this case, I think the greater part of the answer is good, both in form and substance. Without going into an analysis of the allegations of the alternative writ and the allegations of the answer thereto, I can not see my way clear to concur with the majority that all averments of the answer should be stricken except such as amount to the categorical denial of the employment of the relator and the affirmative defense that the relator was relieved of his employment by and with the approval of a majority vote of the members of the board. If our order of May 15th, 1934, thus limits the answer, I think such order should be modified. I concur with the majority as far as they go, that the answer should stand as to those two points, but there are also matters in the answer, explanatory in their nature, which I think are material to be considered in connection with the two main propositions above stated, and which have not been dealt with in our previous opinion of December 22, 1933, 155 So. 138, as I understand it.

In addition to this, it would seem that the 4th, 8th and

10th sections of the answer present defenses which to my mind are at least *prima facie* sufficient, calling for some reply or denial by the relator, and which were not discussed in the opinion upholding the sufficiency of the alternative writ, rendered by this court on December 22, 1933, in which opinion the writer concurred. I think that opinion correctly interpreted the law of the case pertaining to the legal questions raised by the attack made by the respondent or the sufficiency of the alternative writ, by way of demurrer, motion to quash, etc. But the present answer to such writ, and the attack made thereon by the relator's motion to strike, raises some new questions.

Said fourth, eighth and tenth sections of the answer read as follows:

"IV. The allegations of paragraph four are denied. The appropriation in said paragraph set out was one of the items appropriated for the operation of the Comptroller's office. The appropriation thus made was for a period of time which ended on June 30, A. D. 1933, and, under the law of Florida, appropriations for specific items not so used revert to the General Revenue Fund and respondent therefore shows that in August, 1933, it was not true that the funds necessary for the payment of the salary of relator were available for the payment of said salary. That if said funds had not been paid out at the close of the fiscal year on June 30, 1933, it then and thereafter became impossible and illegal for respondent to draw warrant on the general funds for the payment of said salary and therefore he shows respectfully that it is beyond his authority in law to now draw a warrant or voucher for the money claimed by the relator and it was beyond his legal power and authority to so draw such warrants on the date of the issuance of the writ."

"VIII. The allegations of paragraph eight are admitted except it is not true that respondent never issued to relator a warrant or warrants after January 7, 1933, and shows respectfully that on June 30, 1933, which was the end of the fiscal year, that relator made a requisition in writing for the sum of money which he, on said date, claimed was due to him, which requisition was audited, approved and paid by warrant No. 142827, for the sum of $135.00, being the full amount then claimed by relator. Respondent shows to the court that the relator has never called upon him for the issuance of any warrant which was not issued to him; that he has never filed any requisition with respondent for any sum of money which was not honored and paid by the respondent; and that he has never been given any opportunity of issuing any warrant for relator for the amount claimed in his suit; that no requisition has ever been presented to him, the respondent, by the Board, by relator or by any other person or persons in behalf of relator and that he is not permitted to draw warrants unless a requisition therefor is so made."

"X. Answering the allegations of paragraph ten, this respondent denies said allegations and shows that said allegations are untrue, and denies that there is now available the money necessary to pay the alleged claim, or any part thereof, and shows to the court that it will be physically impossible for respondent to pay said claim for the reason that June 30, 1933, was the end of the fiscal year and the biennium, and that all unexpended balances appropriated for any purposes reverted to the General Revenue Fund and thereafter is available only for such uses as the Legislature may authorize and respondent cannot now draw a warrant on the funds which were appropriated for Assessment Engineer and respondent was never given the privilege of

drawing a warrant on said fund in favor of the relator until long after said fund reverted to the General Revenue Fund."

I do not think the relator's motion to strike should be granted as to these sections of the answer.