HARRY S. JUKES, *et al.*, v. STATE, *ex rel.* A. C. ALLYN.

166 So. 551.
Division B.
Opinion Filed March 13, 1936.

*Kelly & Casler,* for Plaintiffs in Error;

*Casey & Walton, Frank O. Spain* and *William K. Whitfield* (of Tallahassee), for Defendant in Error.

TERRELL, J.—This writ of error is from a final judgment granting a peremptory writ of mandamus notwithstanding the return commanding the respondents to authorize payment of interest coupons held by relator. The final judgment and issuance of the peremptory writ are assigned as error.

Two questions are argued here but both turn on the sufficiency of the return to the amended alternative writ and being so this is the only question we are required to adjudicate.

The purpose of this proceeding was to require the Board of Public Instruction of Pinellas County to pay past due interest coupons of Special Tax School Districts One, Seven, and Twelve. The amended alternative writ alleges that taxes were levied for payment of the interest coupons in question, that at the time of the service of the original alternative writ there was in the interest and sinking fund of Special Tax School District No. 1, of Pinellas County, the sum of $770.00 or more, being the proceeds of taxes levied as aforesaid. There is a like allegation as to $4120.00 being in the interest and sinking fund of Special Tax School District No. 7, and $3170.00 being in the interest and sinking fund of Special Tax School District No. 12. The original alternative writ alleged that these sums had been collected and were then in the custody and control of the respondents and were ample to pay the coupons.

The return to the alternative writ in substance denies that respondents have on hand any fund applicable to the payment of the coupons and by way of avoidance alleges that such fund as they did have applicable to the payment of said coupons has been placed in escrow in an out-of-state bank. The terms of the escrow are not alleged nor is it alleged that the funds were sent to the out-of-state bank prior to service of the original writ or that the funds are out of the custody and control of respondents.

In essence the return may be likened to a plea in confession and avoidance predicated on an alleged refunding agreement in which the interest and sinking funds in question had been placed in escrow with a Chicago bank for the purpose of paying interest coupons on refunding bonds bearing four per cent. interest instead of six per cent. as provided in the original bonds which would be paid on surrender of the original bonds and acceptance of the refunding bonds in their stead.

It is not alleged that the fund placed in the Chicago bank is beyond the control of respondents or that their title to it has been impaired. It is not alleged that the Chicago bank has accepted the escrow agreement or that by reason thereof a trust was created in which the rights of third persons became vested prior to the service of the original alternative writ or that the terms of said agreement were being executed.

The rule is settled that a return to an alternative writ of mandamus for the purpose of making an issue, must positively deny the material facts alleged or should plead other facts sufficient to defeat relator's right. State, *ex rel.* Knott, v. Haskell, 72 Fla. 176, 72 Fla. 244, 72 So. 651; State, *ex rel.* Rempson, v. Smith, 105 Fla. 368, 151 So. 318.

A return in confession and avoidance cannot rest on conclusion of law. It must allege in detail every fact necessary to establish the avoidance. Allegations of ultimate conclusions of fact are insufficient. State, *ex rel.* Patton, v. Bloxham, 33 Fla. 482, 15 So. 227; State, *ex rel.* Sherrill, *et al.,* v. Milam, 113 Fla. 491, 153 So. 100, 125, 136; State v. Seaboard Air Line R. Co., 92 Fla. 1139, 111 So. 281.

The return brought in question fails to meet this test. It follows that the court below was correct in granting the peremptory writ notwithstanding the return. His judgment is accordingly affirmed.

Affirmed.

Ellis, P. J., and Buford, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.