JOE MAXWELL v. STATE.

183 So. 723.
Opinion Filed September 27, 1938.
Rehearing Denied October 31, 1938.

S. M. Preacher, for Petitioner;

Cary D. Landis, Attorney General, and Tyrus A. Norwood, Assistant Attorney General, for the State.

CHAPMAN, J.—It has been made to appear to this Court by petition for a writ of certiorari that Joe Maxwell was convicted on a charge of criminal trespass on April 27, 1936, in a Justice of the Peace Court, Second Justice District of Walton County, Florida. He was by the Justice of the Peace sentenced to pay a fine and costs of the criminal prosecution. From this judgment of conviction the defendant in the lower court, and petitioner here, perfected his said appeal within the time provided by law and the appeal was taken under Section 4645 C. G. L., and Section 11 of Article V of the Constitution of Florida, to the Circuit Court in and for Walton County, Florida. The State Attorney in and for Walton County, Florida, seasonably filed a motion to dismiss the said appeal, but the trial court

made and entered an order setting the case for trial *de novo* on Saturday, January 16, 1937.

Counsel for Petitioner objected to trial of this cause *de novo* in the Circuit Court of Walton County, Florida, because (a) the Circuit Court was without jurisdiction to try the petitioner *de novo;* (b) the petitioner perfected his appeal to the Circuit Court from the Justice of the Peace Court under Section 4645 C. G. L., Section 11 of Article V of the Constitution of Florida; (c) the Circuit Court had the power to hear the case only as an appellate court on the record and a trial *de novo* was unauthorized; (d) the case should be heard *only* by the Circuit Court as an appellate court and not as a court having original trial jurisdiction. The case was called for trial and an amended affidavit was filed in the Circuit Court over the objection of counsel for defendant and the petitioner placed on trial *de novo* on the amended affidavit in the Circuit Court of Walton County and was convicted and sentenced to pay a fine of $25.00 and all costs of prosecution, and upon failure so to do that he be confined in the County Jail of Walton County, Florida, for a period of six months.

It is contended by counsel for petitioner that there was a departure from the established principles and essential requirements of the law by the Circuit Court of Walton County, Florida, when it declined to hear or consider the case on an appeal perfected in each detail under Section 4645 C. G. L., and Section 11 of Article V of the Constitution of Florida, but reversible error occurred when the trial court permitted the State Attorney to file an amended affidavit and the petitioner placed on trial *de novo* in the Circuit Court of Walton County, as authorized by Section 8474 C. G. L. and Section 22 of Article V of the Constitution of Florida. It is admitted by counsel for the respective parties that the case at bar is a criminal case.

·.. Section 22 of Article V of the Constitution of Florida was adopted by the people of Florida at the general election held in 1896 and is, viz.:

"Section 22. The Justices of the Peace shall have jurisdiction in cases at law when the demand or value of the property involved does not exceed $100.00, and in which the cause of action accrued or the defendant resides in his district; and in such criminal cases, except felonies, as may be prescribed by law, and he shall have power to issue process for the arrest of all persons charged with felonies and misdemeanors not within his jurisdiction to try, and make the same returnable before himself or the county judge for examination, discharge, commitment or bail of the accused. Justices of Peace shall have power to hold inquests of the dead. Appeal from Justices of the Peace Courts in criminal cases may be tried *de novo* under such regulations as the Legislature may prescribe."

. . It will be observed that the constitutional provision, *supra*, gave the Legislature of Florida power to prescribe by law the criminal jurisdiction of Justices of the Peace and limited their jurisdiction, but they are authorized to issue criminal process in felony cases. It further provided that "appeal from Justices of the Peace Courts in criminal cases may be tried *de novo* under such regulations as the Legislature may prescribe." Pursuant to the constitutional provision, *supra*, the Legislature enacted in 1903 Section 8474 C. G. L., viz.:

"The circuit court shall proceed to try all criminal cases on appeal from justice of the peace courts *de novo* as though the proceedings had been originally begun in that court.

"Such trial in the circuit court shall be had upon the affidavit or charge sent up from the inferior tribunal. Should the original affidavit or complaint on which the case was tried below be lost or be insufficient or defective in

form or substance, the circuit judge shall order, at any stage of the proceedings, a new or amended affidavit or complaint to be filed therein, and the case shall proceed thereon the same in all respects as if the original had not been lost or been adjudged defective: Provided, however, that the amended affidavit or complaint charged the same offense charged or attempted to be charged by the affidavit or complaint filed in the inferior tribunal."

It was in the mind of the people when Section 22 of Article V, *supra*, was adopted, and again when they acted through their representatives during the 1903 Session of the Legislature, that justice would be awarded and that right would prevail if the Circuit Courts of Florida could hear criminal cases *de novo* appealed from final judgments entered by Justices of the Peace. The manner of appeal is comparatively simple. The procedure was sustained by this Court in State, *ex rel.* New York Life Ins. Co., v. Curry, 104 Fla. 242, 139 So. 891. See *Ex parte* Morris, 45 Fla. 157, 34 So. 89; State, *ex rel.* Nichols, v. Bullock, 58 Fla. 534, 50 So. 418; State, *ex rel.* Baggs, v. Frederick, 124 Fla. 290, 168 So. 252.

We have carefully considered the entire record, examined the authorities cited by counsel for the respective parties and it appears to us that the judgment entered in this cause by the Circuit Court of Walton County, Florida, accords with the essential requirements of the law. Therefore, the writ of certiorari previously issued is hereby quashed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.