STATE, *ex rel.* BEN HUR LIFE ASSOCIATION v. W. C. VICK-ERS, M. S. ROBERTS, D. E. YOEMANS, J. S. GOFF, and CARL R. FARR, as members of and constituting the Board of County Commissioners of the County of Charlotte, and A. C. JORDAN, as Tax Assessor.

156 So. 19.
Opinion Filed July 3, 1934.

*L. O. Casey,* for Relator;

*Earl D. Farr,* for Respondents.

PER CURIAM. — This case of original jurisdiction in mandamus was brought in this Court to compel respondents, as County Commisioners and as Tax Assessor of Charlotte County, Florida, to revise the 1933-1934 budget estimates and levy of taxes for said county for said year so as to provide for payment of maturities during said fiscal year of bonds and interest coupons of a series of bonds, part of which are shown to be owned by relator. Respondents have moved to quash the alternative writ.

The alternative writ alleges that Charlotte County, about the 1st of December, 1925, in the manner prescribed by law, issued a series of bonds in the amount of $2,000,000.00, of which $175,000.00 were designated as bridge bonds, $1,625,000.00 were designated as road bonds, and $200,-000.00 were designated as court-house bonds. Each bond was in the principal sum of $1,000.00 and bore date of December 1, 1925.

The alternative writ recites in detail the authority for the issue, the due execution by the county officials of the bonds and interest coupons, and sets forth recitals in the bonds showing authority for their issue and performance of all conditions and requirements. The writ further describes the interest coupons, the form and manner of execution, and

alleges that the coupons were attached to each bond evidencing six months interest on the bond to which it was attached, and exhibits a copy of said bonds and interest coupons. It is averred that the bonds were issued under and pursuant to Chapter 10409, Special Acts, Laws of Florida, 1925, and that the issue of bonds was validated by decree of the Circuit Court in and for Charlotte County on January 23, 1926.

The alternative writ sets up that during the current fiscal year 1933-1934 interest coupons attached to such bonds owned by relator in amount of $3,960.00 would mature and that there will become due and payable during the fiscal year 1933-1934 upon bonds and interest coupons of the aforesaid issue owned by others than the relator, principal in amounts of $15,000.00 and interest in the amount of $89,040,00; that there are no moneys in the interest and sinking funds or no moneys on hand available of which for either past due and unpaid interest coupons nor those to become due during the fiscal year 1933-1934; that respondents and their predecessors in office have not levied sufficient taxes to pay the interest and provide a sinking fund to pay the principal of the bonds as they mature and that for the present fiscal year that they had levied taxes wholly insufficient to pay the maturities of principal and interest for said fiscal year.

The command of the writ is that the respondents, members of the Board of County Commissioners of Charlotte County, convene as a board, revise their estimates and in proper order and in proper form, perform the various acts constituting the successive steps leading up to and including the levy of a tax sufficient to pay the bonds and interest coupons of the issue described in the alternative writ which will mature during the present fiscal year, taking

into consideration the probable percentage of collections of the taxes levied.

In a proceeding in mandamus to coerce the levy of taxes to pay bonds which are only payable upon presentation for payment by the then holder of same, it is not necessary that a relator in the mandamus case, in order to have a peremptory writ of mandamus to compel the levy of taxes sufficient to meet maturities of principal and interest of the issue of bonds of which his holdings are a part, to attach to his petition for the writ, nor to the alternative writ itself, the bonds and interest coupons for payment of which the levy of taxes is sought. The object of the proceeding in mandamus in such cases is to compel the performance of legal duties on the part of respondents which are necessary to be performed, in order that relator may realize the proceeds of taxes which the law requires to be levied and collected for his benefit. A showing of some justiciable interest on the part of the relator in having the duty in question performed according to law, is all that is necessary in order to entitle relator to invoke the remedy. Thus, a temporary holder of bonds may be entitled to pursue mandamus, because his interest as a holder of bonds for the time being entitles him to seek the protection of the courts in order to keep the machinery of the law in motion, when that is shown to be necessary to protect the bonds from default in interest or non-payment at maturity, even though the relator may not be a holder of the bonds when the time for payment arrives. See State, *ex rel.* Gillespie v. Walsma, 113 Fla. 726, 152 Sou. Rep. 196. Compare: Treat v. State, *ex rel.* Winters, 114 Fla. 195, 154 Sou. Rep. 157.

Under the provisions of Chapter 10409, Special Acts of Florida, Laws of 1925, it is the official duty of respondents

as members of the Board of County Commissioners and as Tax Assessor of Charlotte County to make a provision for the assessment and levy of sufficient taxes upon the taxable property of said county for the ensuing fiscal year sufficient to meet maturities during said year of interest and principal upon bonds issued under that Act, and this duty is enforceable by mandamus at the suit of a holder of any of the bonds issued under such Act. See Rountree v. State, *ex rel.* Georgia Bond & Mortgage Co., 102 Fla. 246, 135 Sou. Rep. 888; City of Clearwater v. State, *ex rel.* United Mutual Life Ins. Co., 108 Fla. 623, 147 Sou. Rep. 459; Keefe v. Adams, 106 Fla. 733, 143 Sou. Rep. 644; State, *ex rel.* Dos Amigos, Inc., v. Lehman, 100 Fla. 1313, 131 Sou. Rep. 533; Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858.

This Court has recently held that an alternative writ of mandamus in cases like this cannot be made to run to "successors in office" to designated county officials named as respondents therein. The present alternative writ of mandamus violates this holding. Therefore, the same is too broad and should be quashed, with leave to amend by eliminating from the writ all reference to "successors in office" of the respondents. In all other particulars the motion to quash the alternative writ is deemed insufficient, and therefore overruled, with leave to respondents to file a return to the relator's amended alternative writ, in the event the same shall be amended in accordance with the holding of this opinion, said return to be filed within ten days after delivery to respondents or their counsel of a copy of the alternative writ of mandamus as amended.

Let an order be entered accordingly.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.