STATE, *ex rel.* HARRY C. DAVIS, v. J. M. LEE, as Secretary, Board of Administration, *et al.*

156 So. 744.
En Banc.
Opinion Filed October 1, 1934.

*Shutts & Bowen* and *Charles A. Carroll,* for Relator;

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Respondents.

DAVIS, C. J.—On respondents' motion to quash the alternative writ of mandamus in this case, it is contended by respondents as follows:

"(1) That in a proceeding by mandamus to coerce disbursement of moneys coming into the hands of the State Board of Administration under Chapter 14486, Acts 1929, even though the same be an ordinary *ad valorem* tax moneys raised for bond payments only, that the Governor, as a member of the State Board of Administration, is an indispensable party respondent to the alternative writ.

"(2) That there is no plain legal duty enforceable by mandamus requiring the State Board of Administration to pay interest accruing after maturity on the past due principal of the matured bonds whose fiscal management has

been placed under control of the State Board of Administration, pursuant to Chapter 14486, Acts 1929.

"(3) That relator must affirmatively allege in a proceeding in mandamus against the State Board of Administration that the State Board of Administration has been given ample time to make disbursements of moneys due to be made by it according to law, before a peremptory writ can issue against it to compel disbursement of moneys under its control.

"(4) That relator must expressly renounce his statutory right to all future participation in the funds administered by the State Board of Administration as statutory resources for the payment of the bonds handled by it under Chapter 14486, Acts 1929, as a condition precedent to obtaining relief by mandamus against such Board with respect to the payment over to relator as a bondholder of such *ad valorem* taxes as are shown to be on hand and available for application on the bonds, as a matter of contract right to have such application and payment over duly made after the bonds default."

The relator's bonds involved in this case are bonds of Atlantic-Gulf Special Road & Bridge District, eight in number, the principal of which matured on September 1, 1933, and was thereupon defaulted. As a result of such default at maturity, the principal of the matured bonds remains unpaid, and has been delinquent ever since maturity, without any interest on such matured principal during that time having been either paid or provided for. The bonds themselves were authorized and issued under authority of Chapter 11127, Special Acts, 1925, for the purpose of constructing a road in Atlantic-Gulf Special Road & Bridge District situate in Osceola and Indian River Counties.

The objection that the alternative writ is bad because the Governor, a statutory member of the State Board of Ad-

ministration, is not made a party respondent to the writ, we sustain. While the moneys sought to be reached are *ad valorem* tax proceeds, the disposition of which is a matter governed by the contractual obligation of the bonds since they have come into default, they have nevertheless passed into the jurisdiction of the State Board of Administration as a State fiscal agency, one statutory member of which is the Governor of the State. Therefore, the Governor, as a member of the State Board of Administration, is a necessary party respondent to any proceeding against the said State Board of Administration to compel a disbursement of moneys by it that, if and when disbursed, must be disbursed according to a determination or resolve of the State Board of Administration as the fiscal agency having sole jurisdiction to deal with the funds disbursed.*

The objection that there is no plain legal duty on the part of the State Board of Administration to pay interest on the matured principal of the defaulted bonds, that is to say, to pay interest on the principal of the bonds since September 1, 1933, we also sustain. Whatever may be the right of the bondholder to recover interest on his defaulted principal after maturity of the bond as a whole, a point we deem unnecessary to finally pass on in this case, it is certain that such right is not enforceable by mandamus, but must be enforced in a suit at law brought to recover an ordinary judgment therefor, or as an incident to a judgment on the bond itself for the principal sum with interest on the debt after maturity to the date of judgment.

Bonds are issued according to statutes which ordinarily

---

*There is no reason why the parties in this case should be any different from those made respondents in the companion case of State, *ex rel.* Davis v. State Board of Administration, 115 Fla. 806, 156 Sou. Rep. 130, which involved the same district's bonds.

contemplate no express promise to pay interest not contracted for in the bond itself.

A bond, being but the funding of the obligor's pledge of taxes or other resources promised in its support, and being commanded to be issued strictly in accordance with the conditions and limitations of the statutes authorizing and controlling its execution and negotiation, imposes a contractual legal duty on public officers to perform only those official acts the statutes required to be performed as a part of the obligation of the contract when the obligor's pledge was given under the law, by authority of which such bond was authorized.

But further than the continued performance of such statutory duties as may be incorporated into the obligation of the bond itself as a means for guaranteeing its payment, no such enforeceable legal duty exists insofar as the contract is concerned. So, unless it be hereafter required by supplementary statute, there is no plain legal duty on the part of the State Board of Administration to pay interest on county or district road or bridge bonds after maturity of the principal, where neither the bond itself, nor the statute under which it was issued, contemplates or requires the payment of any contract interest rate on the principal of the bond after maturity until such principal be paid.

Whatever right to recover interest after maturity there is, must be founded on some implied liability that is incident to the existence of the matured and unsatisfied bond considered as a mere debt subject to the drawing of interest after maturity. But such claim as that must be enforced at law in an action of assumpsit if it is enforced at all. See Third headnote in Jefferson County v. Hawkins, 23 Fla. 223, 2 Sou. Rep. 362. See also Jefferson County v. Lewis, 20 Fla. 980, text 981, where it is said that the "rate" of interest contracted to be paid attends the contract until the

principal is paid or the contract extinguished, where the debtor has violated his agreement to pay on a certain day, and that such interest is recoverable at law.*

The third objection we overrule. The statute fixes what shall be done by the State Board of Administration to anticipate and avoid defaults. If this be not done, whether culpably or not, and the bonds go into default, the bondholder is entitled to resort to his legal rights in the courts forthwith. The statute gives the State Board of Administration all time that the law contemplates shall be allocated to it for the performance of its duties. This having elapsed, the right to such a legal remedy may be availed of without specifically negativing the idea that the respondent Board has not had sufficient time to act. At any rate, after an admitted long standing default after maturity of the principal of the bonds, that question could properly arise only as a matter of affirmative defense if it be then available at all.

The recent decisions in State, *ex rel.* Florida Nat. Bank v. State Board of Administration, 115 Fla. 753, 154 Sou. Rep. 876, and State, *ex rel.* Suwannee River Bridge Co. v. Sholtz, 114 Fla. 153, 154 Sou. Rep. 871, were rendered with respect to bonds and coupons shown to be long in default when the procedings there dealt with were brought. In this case the bonds matured on September 1, 1933, and it is shown that no payment has been made or arranged for on

---

*For authorities on this subject see: Abbott on Public Securities, page 381; 44 C. J. 1237; 2 Dillon Municipal Corp. (5th Ed.) p. 1317; Hawkins v. Mitchell, 34 Fla. 405, 16 Sou. Rep. 311; National Bank of Jacksonville v. Duval County, 45 Fla. 496, 34 Sou. Rep. 894; Duval County v. Charleston Eng. & Cont. Co., 101 Fla. 341, 134 Sou. Rep. 509; Board Publ. Ins. v. Kennedy, 109 Fla. 153, 147 Sou. Rep. 250; City of St. Petersburg v. Meyers, 55 Fed. (2nd) 810.

the part of the State Board of Administration, so far as appears from the alternative writ of mandamus herein. The alternative writ of mandamus in this case was not issued until January 31, 1934. It is shown by the allegations of the alternative writ of mandamus that there are moneys on hand that have been raised by *ad valorem* taxation for the express purpose of paying the identical bonds here brought in controversy and that the funds so raised are now on hand and are legally applicable to paying relator's bonds. *Prima facie,* the alternative writ alone being before us for consideration on a motion to quash, it cannot be said that the State Board of Administration has not been accorded a reasonable time to make some provision for a payment, or part payment of what is relator's due. So there is no conflict between the holding in this case and the two cases heretofore cited.

The fourth objection we likewise overrule. What we have held in prior cases is not that the bondholder resorting to his contract rights must forfeit for all time in the future his special statutory right to look to Chapter 14486, Acts 1929, and other Acts *pari materia* thereto, for relief, but that by seeking his contract remedy which is also preserved by that statute, he waives *at the time he seeks it,* all benefit of the statute that is then and at that time available to him *with respect to the particular payment then sued for.* Normally both the contract rights and the statutory rights of bondholders under Chapter 14486, *supra,* if and when recognized and subserved prior to litigation, must necessarily lead to the same result, namely, discharge of the debt. But when required to be enforced in a legal proceeding, such as by mandamus, they are to be regarded as inconsistent rights, and an election is deemed to have been made by the bondholder to waive the one when the other is sought.

The motion to quash the alternative writ is granted, with leave to amend in a manner not inconsistent with this opinion within ten days.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.