STATE, *ex rel.* CENTER, v. DAVE SHOLTZ, as Governor, *et al.*

156 So. 746.

Opinion Filed October 6, 1934.

*Cary & Askew* and *Erle B. Askew,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *Robert J. Pleus,* Assistants, and *Joe Hill Williams,* for Respondents.

DAVIS, C. J.—Relator as the holder of two $1000.00 bonds issued by Union County, Florida, payable January 1, 1932, brought his amended alternative writ of mandamus to require the State Board of Administration to pay over to him, as holder of said matured obligations, the principal sum of $2000.00 *together with interest thereon after maturity at the contract rate* of six per cent.—the interest amounting to $240.00 for the period from January 1, 1932, until January 1, 1934. The bonds were issued under Chapter 13471, Acts 1927. This proceeding was brought against the State Board of Administration as respondents because of Chapter 14486, Acts 1929, transferring jurisdiction over the fiscal management of said bonds from the officials of Union County to said respondents herein.

Under the statutes relating to the State Board of Administration and the statutes pertaining to the particular bonds here brought in controversy (Chapters 13471, Acts 1927, 14486, Acts 1929) the sinking fund required to be set aside for payment of the bonds at maturity, not being a closed fund, is applicable to the payment of the matured principal of each several bond, however derived or from whatever source realized. So relator is entitled to a peremptory writ of mandamus to have paid to him the $2000.00 principal due on his bonds, out of any sum that may have been placed to the credit of the sinking fund required to be set aside to pay said bonds at maturity, provided the same has not otherwise become bound by judicial processes prior in dignity to this one, or disbursed prior to the bringing of this proceeding. State *ex rel.* Davis v. State Board of Administration, 115 Fla. 806, 156 Sou. Rep. 130.

But interest upon the matured principal of the bonds is not enforceable by mandamus prior to the recovery of a judgment for such interest, the rule on this subject having

been recently declared in a case decided at the present term. See State, *ex rel.* Davis, v. Lee, *et al.* Opinion filed October 1, 1934 (not yet reported).

The applicability of the foregoing rule is not altered by the fact that the bond contract itself, as in this case, specifically provides for liability for interest at the contract rate until the bonds are paid, because the bonds and the statutes under which they were issued contemplate payment at maturity as the enforceable statutory duty owed to be performed by the officers for the benefit of the bondholders.

Payment of interest after maturity is merely a contingent liability that may become enforceable against the obligor for recovery of a judgment at law for such interest, should the bonds default.

The amended alternative writ is quashed with leave to amend the same to conform to the holding of this opinion, respondents to answer thereto as they may be advised within fifteen days after service of a copy of the amendment upon them.

WHITFIELD, and TERRELL and BUFORD, J. J., concur.