STATE, *ex rel.* GEO. H. CRANE, JR., v. CITY OF LAKELAND.

156 So. 699.
157 So. 926.
Division A.
Opinions Filed September 29, and November 21, 1934.

*Hope Strong,* for Relator;

*Carber & Langston,* for Respondents.

DAVIS, C. J.—The City of Lakeland, Florida, is a municipal corporation existing under and by virtue of Chapter 10754, Special Acts, 1925. Section 85 of the Charter Act aforesaid requires the City of Lakeland to annually levy and collect such sums as may be necessary to pay interest upon the indebtedness of the City, and to create a sinking fund for

the payment of such indebtedness as may be incurred. That section also specifically provides that said City "shall" levy and collect annually upon its taxable property, such sums as may be necessary to pay the bonds of the City already issued, or any bond which may be issued according to law.

Relator in this case is a bondholder of the City of Lakeland. By mandamus proceedings he seeks to require the respondent City and its responsible officials to make provision in the City's 1934-1935 Budget according to statute, for the payment of certain described bonds and interest coupons belonging to relator and amounting in the aggregate to the sum of $11,617.50, together with interest thereon at corresponding rates from their respective dates of maturity to date or dates of payment. The command of the alternative writ is addressed only to the City Commissioners, City Tax Assessor, and City Comptroller and Clerk, and their successors in office, although the Municipality of Lakeland itself is designated as a respondent to the proceedings and was served with process as such. Motion to quash the alternative writ has been filed on several grounds which will be hereinafter discussed.

The objection that the City of Lakeland, as a municipality, has been misjoined as a respondent with its own officials, must be overruled on authority of what was held by this Court in Treat v. State, *ex rel.* Winters, 114 Fla. 195, 154 Sou. Rep. 157. In that case this Court declared that a municipality is the real party in interest in a mandamus case wherein its officers are sued with respect to municipal obligations, in their respective characters, as constituting the governing authority of the particular city. By the same token, the City itself may be named as a nominal party respondent on the record, since under the 1933 statute (Chapter 16245, Acts 1933), as we have construed it in the

case just cited, the municipality itself is privileged to act for its officials in the giving of supersedeas bonds without sureties in cases like this. Therefore, the City itself is not an improper nominal party on the record.

The objection that relator failed to make demand before institution of suit, insofar as long past due interest is involved, must be overruled on the authority of State, *ex rel.* Harris v. City of Fort Pierce, 111 Fla. 174, 149 Sou. Rep. 338, wherein this Court said:

"The payment of interest must be anticipated under the law controlling the affairs of the city and that law requires the city to make provision in its budget for payment of its interest in advance of default. This duty exists and must be carried out regardless of any request or demand on the part of the security holder to do so."

No distinction was drawn in that case between a case in mandamus to collect interest long past due and one to collect interest currently due. Both kinds of interest are mandatorily required by law to be provided for in due course by the City officials, without demand or notice so to do being given in advance by bondholders or others.

We therefore fail to recognize any distinction in this case on the subject of notice or demand as a condition precedent to mandamus to have appropriate provision made according to law for the payment of past due interest on a municipality's bonded debt. This is especially so when it appears that the debt is subject to the express terms of a statute which provides as does the Charter of Lakeland, that the City officials shall be under a continuing duty to the State as well as to the bondholders, to protect the public credit of the City by arranging in due course for the means of payment of Lakeland's bonds and coupons.

The objection that several different kinds of bonds should not be sued on in the same alternative writ of mandamus is

likewise not sound in a case like this. Here it is shown by the alternative writ that each of the bonds sued on is a general obligation of the respondent municipality, payable out of and by means of but one appropriation and one tax. One levy only is required to be made for relator's benefit. There is a multiplicity and diversity of claims, it is true. But to discharge all of these claims and demands there is but a single duty required to be performed by the respondents, namely, the duty of providing an adequate appropriation in the budget and the levy of a sufficient tax to raise the money to pay it. Singleness of duty, not singleness of claims or demands, is what is important in a suit of this character.

The objection that interest on matured interest coupons is not collectible by a proceeding in mandamus (without a preliminary judgment) is sustained.

While the case of Jefferson County v. Hawkins, 23 Fla. 223, 2 Sou. Rep. 362, is authority for the proposition of law that coupons on bonds bear interest after maturity, it is not authority for the proposition that the payment of such interest can be enforced by mandamus proceedings brought in advance of a judgment recovered for same. We recognize the existence of the rule on this subject as already laid down in the third headnote of Jefferson County v. Hawkins, *supra,* but fail to perceive wherein payment of interest on an interest coupon not paid at maturity can be enforced by any other means than by a judgment at law—the method pursued in the case just cited.

There is also another objection apparent on the face of the alternative writ and that is that the commands of the writ are made to run to the successors in office of the individuals named as respondents. We have recently held it to be an improper practice to address the commands of a writ of mandamus to the successors in office of individual .

officials designated as respondents, and in that connection we pointed out a proper procedure by which such successors may be bound, if that be later found to be necessary. State, *ex rel.* Ben Hur Life Ass'n v. Vickers, 115 Fla. 661, 156 Sou. Rep. 19. So the alternative writ is in this feature also too broad to be sustained.

Because of the foregoing objection as well as the unauthorized claim incorporated into the alternative writ of mandamus for the payment of interest on the matured interest coupons, without a preliminary judgment having been obtained therefor, the motion to quash the alternative writ of mandamus as being too broad in its commands must be granted, with leave to amend the same within ten days. And it is so ordered.

Alternative writ quashed with leave to amend within ten days.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the oinion and judgment.

## OPINION FILED NOVEMBER 21, 1934.

PER CURIAM.—In this case the alternative writ was quashed with leave to amend within ten days to comply with this Court's opinion. See foregoing opinion, 156 Sou. Rep. 699. The amendment required has not been made. Respondents have filed return to the amended alternative writ. Relators now move for a peremptory writ, the return to the contrary notwithstanding.

The return to the amended alternative writ must be held insufficient and the peremptory writ awarded on the authority of State, *ex rel.* Havana State Bank v. Rodes, 116

Fla. 824, 157 Sou. Rep. 33, and State *ex rel.* Taliaferro v. Baskin, 113 Fla. 115, 151 Sou. Rep 421.

Peremptory writ awarded.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.