CITY OF DELAND, a municipal corporation, v. STATE, *ex rel.* BOND REALIZATION CORPORATION.

162 So. 892.
Opinion Filed July 8, 1935.

*Hull, Landis & Whitehair, D. C. Hull* and *Murray Sams,*
for Plaintiffs in Error;

*Claude L. Gray,* for Defendant in Error.

BUFORD, J.—The writ of error is to a judgment awarding peremptory writ of mandamus on amended alternative writ, return to the amended alternative writ and motion for peremptory writ, the return notwithstanding.

The command of the amended alternative writ is as follows:

"Now, THEREFORE, we, willing that justice may be done in the premises, do hereby comand you City of DeLand, a municipal corporation under the laws of Florida; Arthur C. Hatch, as Mayor-Commissioner; F. M. DeHuy, Carl N. Miller, S. B. Wilson, W. O. Lahrman, as City Commissioners; Grant Bly, as City Manager; R. Crosby, as City Auditor and Clerk; and Neva Butts as City Treasurer and Collector, *or your successors in office on behalf of said City of DeLand* to forthwith pay to the Relator, Bond Realization Corporation, any money in the City Treasury applicable to the Relator's claim not exceeding the amount of said claims *together with interest thereon from July* 1, 1933, out of the moneys collected from special assessments levied and imposed in respect of the improvements authorized by Chapter 10484, Laws of Florida, Acts of 1925, as referred to in the bonds made the subject of this suit, and in the event that the said fund is insufficient to pay the same, that you do pay the same out of the interest and sinking fund of said City of DeLand; that if the amount in said interest and sinking fund is insufficient for this purpose, that you do pay the same from the general funds of the City of DeLand or so much thereof as they have moneys in said general fund instanter or that you and each of you on your failure to do as ordered, appear before this Court on the 21st day of June, A. D. 1934, at 10:00 o'clock A. M. or as soon thereafter as you may be heard and show cause if

any there be why a peremptory writ shall not issue from this court commanding the same to be done and have you then and here this writ." (Italics ours.)

Motion to quash the alternative writ was denied and demurrer thereto was overruled.

The return admitted the organization and existing of the municipal corporation and that the governing officers named were such governing officers of the said municipal corporation. It admitted the issuance of the bonds and that the full faith and credit of the City of DeLand were irrevocably pledged for the payment thereof and that the bonds were made the general obligation of the said City; that they bear interest at rate of 6%, payable semi-annually from date of the issue, upon the presentation and surrender of annexed interest coupons as they severally become due. It is alleged that the respondents are without knowledge as to whether or not the relator is the owner and holder of the two bonds in denominations of $1,000.00 each and, being without knowledge, the respondents deny the same.

The return alleges that respondents are without knowledge as to whether the bonds are owned by relator and are the existing obligations of the City of DeLand and whether or not same are past due and unpaid.

The fifth paragraph of the return was in the following language, to-wit:

"5. That the respondents deny that said City of DeLand now has in cash on hand or otherwise, sufficient applicable sums to pay and discharge the alleged bonds claimed to be held by the relator, or any interest thereon, and deny that said City of DeLand has any money that was collected for the purpose of retiring and paying the bonds of said $260,000.00 bond issue, and deny that said City of DeLand

has any funds consisting of proceeds out of moneys collected from special assessments levied and imposed in respect of the improvements authorized by Chapter 10484, Laws of Florida, Acts of 1925, applicable to the payment of the relator's alleged bonds, and deny that said City of DeLand has any funds consisting of proceeds of taxes levied for the year 1933 and the years preceding, for the interest and sinking fund collected for the purpose of retiring the relator's alleged bonds, and deny that said City of DeLand has any moneys consisting of proceeds of the general funds of said City of DeLand sufficient and applicable to the payment of the relator's alleged bonds, and deny that said City of DeLand has any applicable funds available for the payment of the relator's alleged bonds at this time, or at the time of the service of either the alternative writ of mandamus or the amended alternative writ of mandamus in the above entitled cause, and say that on the contrary thereof, said City of DeLand has no funds or money applicable to the payment of the relator's alleged bonds for the reason that at the time of the service of the alternative writ of mandamus in the above entitled cause upon the respondents, there was no money in the account of the $260,000.00 bond issue; that at such time said account of the $260,000.00 bond issue was indebted to the general fund in the sum of, to-wit, $59,817.09, and was indebted to the account of the $200,000.00 bond issue of January 1, 1924, in the sum of, to-wit, $2,295.85, and that at the time of the service of the amended alternative writ of mandamus in the above entitled cause upon the respondents, there was no money in the account of the $260,000.00 bond issue; that at such time said account of the $260,000.00 bond issue was indebted to the general fund in the sum of, to-wit, $57,695.95, and was indebted to the account of the

$200,000.00 bond issue of January 1, 1924, in the sum of. to-wit, $2,295.85; that at the time of the service of the alternative writ of mandamus in the above entitled cause, there was the sum of, to-wit, $13,631.19 in the general fund, and at the time of the service of the amended alternative writ of mandamus in the above entitled cause, there was the sum of, to-wit, $7,313.06 in the general fund; that at the time of the service of the alternative writ of mandamus in the above entitled cause there was $2,153.69 in the lien and interest account, all of which was to the credit of and belonged to said $200,000.00 bond issue of January 1, 1924; that at the time of the service of the amended alternative writ of mandamus in the above entitled cause, there was $2,253.69 in the lien and interest account, all of which was to the credit of and belonged to said $200,000.00 bond issue of January 1, 1924, and that neither the said sum in the lien and interest account nor the said sum in the general fund is applicable to the payment of the relator's alleged bonds."

The motion for peremptory writ, the return notwithstanding, was granted.

Bonds were issued under Chapter 10484, Acts of 1925.

The first question presented by the brief of plaintiff in error is whether or not the payment of interest on matured principal of city improvement bonds is enforceable by mandamus prior to recovery to judgment for such interest where neither the bond itself nor the statute authorizing its execution requires payment of interest after maturity. In this case the bond only provided for interest being paid upon presentation of coupons attached to the bond and did not provide for any interest after maturity. Neither did the statute under which the bond was issued provide for payment of interest after maturity.

The bond in its pledge for the payment of interest contains the following:

"* * * and to pay interest thereon from the date of this bond at the rate of six per cent. per annum, payable semi-annually, on the first day of January and on the first day of July, in like gold coin or its equivalent at the National Bank of Commerce in New York, New York City, New York, or at the banking house of the Volusia County Bank & Trust Company, DeLand, Florida, or at the First National Bank, DeLand, Florida, upon presentation and surrender of the annexed interest coupons as they severally become due."

. Therefore, we must hold, on authority of the cases of State, *ex rel.* Crane, v. City of Lakeland, 116 Fla. 713, 156 Sou. 699; and State, *ex rel.* Davis, v. Lee, 116 Fla. 726, Sou. 744; and in State, *ex rel.* Center, v. Sholtz, 116 Fla. 764, 156 Sou. 746, that both the alternative writ and the peremptory writ of mandamus are too broad in that the respondents are required thereby to pay interest on the bonds after the maturity date thereof.

It is next contended that the alternative writ is too broad in that it runs to the successors in office of the City officials named as respondents to the writ. This objection is also well taken. It is unnecessary for us to say more than what has been said on this subject in the cases of State, *ex rel.* Gillespie, *et al.,* v. John B. Rhodes, 115 Fla. 733, 165 Sou. 701, State, *ex rel.* Ben Hur Life Ass'n, v. Vick, *et al.,* 115 Fla. 661, 156 Sou. 19, and State, *ex rel.* Crane, v. City of Lakeland, *supra,* and cases there cited.

The third question presented by plaintiffs in error is in the following language:

"III. Where improvement bonds of a city were issued under a statute providing that the City may issue bonds

pledging the full faith and credit of the City and that such bonds shall be general obligations of the City and if a special assessment be not imposed and collected in respect of the improvement in season to pay the principal and interest, the City shall levy and collect on all the taxable property in the City a tax sufficient to pay such principal and interest as the same respectively become due and payable, and alternative writ requiring payment of such bonds out of the general revenues of the City is fatally defective in the absence of an allegation in the alternative writ to the effect that special assessments were not imposed and collected in respect of the improvement in season to pay the principal and interest of such bonds, and that the power of the City to levy special *ad valorem* tax for such bonds has been exhausted."

The bonds shown in the record are clearly negotiable securities and are so phrased as to constitute a general obligation of the municipality, although there is a provision for their payment from a special fund. This question was dealt with in the opinion and judgment in the case of Little River Bank & Trust Company v. Johnson, 105 Fla. 212, 141 Sou. 141, and we think it was there determined adversely to the contention of the plaintiff in error. In that case Mr. Justice DAVIS, speaking for the Court and citing several authorities to support his enunciations, said:

"Negotiable securities as issued by public corporations usually have provisions made for their payment in the grant of authority from a special fund, or by a special tax levy upon specific property, or they may constitute a general obligation of the corporation payable from its general revenues from whatever source derived. In many instances the 'indebtedness may be incurred for special purposes, but the security by its wording may constitute a charge upon

both special sources of payment and the general revenues of the corporation.

"If negotiable securities are phrased as a general obligation of the municipality, although they may contain provisions for their payment from special fund or tax upon specific property, as in the case of local improvement bonds, the authorities are quite uniform in holding that upon the exhaustion of such special fund or tax levy the general revenues of the municipality can be drawn upon to meet these obligations. The promise to pay is a primary contract, the obligation on the part of the municipality to raise a special fund or levy special taxes being a separate and independent undertaking, the failure to perform which does not or cannot affect the right of the holder to enforce the security according to its terms against the maker."

In Humphreys, *et al.,* v. State, *ex rel.* Palm Beach Co., *et al.,* 108 Fla. 92, 145 Sou. 858, it was said:

"The peremptory writ of mandamus that was awarded by the final judgment reviewed in this case, appears to be as broad as such a writ could well be made in a case of this kind. But the purpose of the mandamus was to enforce but a single object that the relator had the right to have enforced under the law. This single object was the requirement of an adequate financial provision under applicable statutes, for the protection and payment of relator's bonds. And since in such cases, the Circuit Court acts primarily as a court of redress in the particulars complained of, and not as a court of final jurisdiction for the purpose of declaring some applicable principle of law pertaining to the subject matter, we find no warrant, on this writ of error, for declaring that the judgment rendered below was erroneous as a matter of law, although it may be stated that the Supreme Court, in exercising its original jurisdiction in

similar cases, has never issued an alternative writ of mandamus so broad as to deal with both the levy and collection of special taxes in the same writ.

"But in this connection it should also be said, that the power vested in the Supreme Court to assume and exercise original jurisdiction in mandamus cases, in addition to having power to review judgments of Circuit Courts rendered in exercising their concurrent jurisdiction in such cases, has been habitually exercised by the Supreme Court only in those cases where it appeared that there was involved some grave question of general law, possibly controlling in other cases of like character, and thereby necessitating an early decision in the interest of avoiding unnecessary litigation, the writ of mandamus in such matters being employed simply as the legal vehicle to give us jurisdiction to decide propositions of law which would thereafter stand as precedents. In consequence of such policy, writs of mandamus, when issued in the Supreme Court in the first instance, have been invariably limited to the narrowest scope which would serve the purpose for which jurisdiction was taken, namely, the decision of legal propositions, rather than the lending of the Supreme Court's aid for the sole purpose of individual relief to the litigant.

"We therefore perceive no reason for holding that the Circuit Court in this case was in error in making its writ just as broad as the design to be accomplished required it to be made. Such practice tends to expedite justice, obviate circuity of action, avoid multiplicity of the proceedings and makes the relief granted really effective. Being in the nature of execution to collect money due on public securities, a writ of mandamus issued by a Circuit Court may be made as broad as the exigencies of the particular case may require to accomplish the object of the proceeding."

See also Klemm v. Davenport, 100 Fla. 637, 129 Sou. 904; State, *ex rel.,* v. Livingston, 104 Fla. 33, 139 Sou. 360.

On authority of the cases cited, we hold the allegations of the writ sufficient.

The fourth question involves the same point of law as is involved in the third and need not be further dealt with.

The fifth question is as follows:

"Where the respondents have made a return to the amended alternative writ showing that the City has money in the general fund more than the amount of the relator's claim the respondents should have been permitted to amend their return to show that a part of the proceeds in the general fund consist of revenues derived from the water department of the City, and that all of such funds were necessary to be used by the City to meet current expenses in performing its municipal functions, setting forth in detail such requirements, and showing that it was necessary for the City to use a large portion of the general funds for operating expenses, since the service of the alternative writ."

In the case of City of Bradenton, *et al.,* v. State, *ex rel.* Perry, filed March 21, 1935, reported 160 Sou. 506, a statement of the matter presented was as follows:

"A peremptory writ of mandamus awarded the relator bondholder in this case required the respondents, mayor and members of the city council of the City of Bradenton, to forthwith and without delay convene and pass all necessary motions and resolutions, and to do and perform all other necessary acts and things for authorizing and directing the payment of certain principal and interest due and unpaid on the City's bonds and coupons set forth and described in detail in the peremptory writ. The peremptory writ further commanded the respondents, without delay, to authorize and direct the issuance of three certain particu-

larly described warrants against certain particularly described city funds which the court had, after a trial, adjudged and determined to be surplus funds of the city that had not been otherwise 'used, appropriated, allocated or pledged' either at the time of the service of the alternative writ or at the end of the fiscal year of June 30, 1933, or at the time of the taking of testimony in the case, for any other municipal purpose. The peremptory writ also contained a direction to the city clerk and to the mayor, both named as respondents in the proceeding, to forthwith sign and countersign each of the aforementioned warrants, which warrants were further ordered to be delivered upon the surrender to the city of the bonds and coupons sued upon. The case is before us on a writ of error to the final judgment writ."

In that case the judgment was reversed because it was necessary to amend the alternative writ before the court could enter a judgment awarding peremptory writ for less than was required by the alternative writ. In that connection we said:

"In the present case, the Circuit Judge, after hearing and considering the present controversy on its merits determined that the substantive allegations of the alternative writ entitled the relator to at least a portion of the relief sought, as was subsequently specified in the court's judgment awarding a peremptory writ to the effect hereinbefore recited. In that conclusion we have found no error, and, therefore, approve it as correct.

"But the peremptory writ so awarded was such a complete departure from the terms of the commands of the alternative writ in the premises that we think the rule laid down in McNally v. Stone, *ex rel.* Bond Realization Corp., 112 Fla. 434, 150 Sou. 751, should be applied and the judgment

reversed for an appropriate amendment of the alternative writ (which is the plaintiff's declaration and the foundation for the relief he has succeeded in having awarded) and for further proceedings not inconsistent with this opinion. See McNally v. State, *ex rel.* Bond Realization Corp. (Fla.) 157 Sou. 430 (second appeal)."

Now the return, which is hereinbefore quoted, is not sufficient as against the allegations of the alternative writ to show that the relator is not entitled to a judgment by way of peremptory writ of mandamus requiring the payment from what appears to be an unappropriated general fund of his two bonds which are in default and which constitute the general obligation of the City of DeLand for the payment of which the full faith and credit of the City is pledged.

However, for the reasons hereinbefore stated, the judgment awarding the peremptory writ must be reversed and the cause remanded with directions that the same be returned to the rolls and that the court below be permitted to amend the alternative writ and if and when the said alternative writ is amended so as to conform to the principles of law enunciated in this opinion and the authorities herein cited, the cause shall proceed in accordance with the law and rules of practice.

It is so ordered.

WHITFIELD, C. J., and ELLIS and DAVIS, J. J., concur.