Fred P. Cone, J. M. Lee and W. V. Knott, as Members of and constituting the State Board of Administration, Plaintiffs in Error, v. State, *ex rel* Woman's Benefit Association of Port Huron, Michigan, a benevolent association, etc., Defendant in Error.   (No 3947.)

199 So. 43
En Banc.
Opinion Filed December 10, 1940.

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General, for Plaintiffs in Error; *J. Franklin Garner,* for Defendant in Error.

Per Curiam.—On petition for rehearing, it is insisted that our order and judgment of November 12, 1940, is insufficient to determine the rights of the parties as presented in the third question propounded by plaintiffs-in-error, to-wit:

"Does a final judgment awarding a peremptory writ of mandamus bear interest?"

The record shows that on the 3rd day of July, 1940, writ of error was issued from the Supreme Court to the circuit court to review the judgment awarding peremptory writ of mandamus. On July 3, 1940, the Court made a stay order, as follows:

"This cause coming on to be heard upon the motion of respondents herein that the writ of error to the Supreme Court of Florida, Praecipe for which has been filed in the office of the Clerk of this Court, operates as a partial supersedeas, it is

"Ordered that respondents herein shall not be required to perform the commands of the Peremptory Writ of Mandamus heretofore issued herein, until ten days after the coming down of the mandate and the filing thereof in the office of the Clerk of this Court from the Supreme Court of Florida, following its final decision in this cause on such writ of error or said writ of error be dismissed, at which time respondents shall also pay relator interest upon the final judgment, from date thereof to date of payment, at the rate of 5 per cent per annum."

"Done and Ordered in Chambers at Quincy, Florida, this the 3d day of July, A. D. 1940."

This Order was not filed and recorded until August 9, 1940, subsequent to the showing date of the writ of error.

So the question presented is not whether the court may generally order the payment of interest on the sum required by the peremptory writ to be paid by the respondents, but the question is "Has the Court the power to make the payment of interest in case of dismissal or reversal the condition of the stay order, holding the funds in status quo until the final determination of the issues by the appellate court?"

The funds in the hands of the respondents are trust funds and may only be used for the payment of those obligations

for which they are held. It is too well settled to require citation of authorities that it is the duty of trustees to protect the funds in their hands and, therefore, it was the duty of the Board of Administration, the respondents here, to procure the adjudication of the rights of the parties by the appellate court when they in good faith believed (and the contrary is not shown) that they had a meritorious defense to be so adjudicated.

We do not think it is proper that the funds should be penalized as an incident to procuring the right of appeal and final adjudication by the Supreme Court.

In State *ex rel.* Center v. Sholtz, 116 Fla. 764, 156 Sou. 746, we held:

"Interest on matured principal of county bonds is not enforceable by mandamus prior to recovery of judgment for such interest."

See also State, *ex rel* Davis, v. Lee, 116 Fla. 726, 156 Sou. 744.

We will consider plaintiff-in-error's assignment of error No. 4 as a motion to modify the stay order, *supra,* and thereupon modify that order so as to eliminate the requirement "at which time respondents shall also pay relator interest upon the final judgment from date thereof to date of payment at the rate of 5% per annum."

So ordered.

Rehearing denied.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to judgment.