ance with an abatement from the purchase price of the present worth of the outstanding dower interest.

Reversed for further proceedings pursuant to above opinion.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.

———————

THE STATE OF FLORIDA, *ex rel.* R. HUDSON BURR, A. S. WELLS, AND E. S. MATTHEWS, AS RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA, *Relators*, v. SEABOARD AIR LINE RAILWAY COMPANY, *Respondent.*

En Banc.

Opinion Filed June 29, 1926.

1. In a proceeding in mandamus to require the application by a carrier of intrastate rates in transporting certain commodities, averments in an answer by the carrier that certain courts and commissions had held the transportation of like commodities under similar circumstances to be an interstate activity constitute no defense.

2. The sufficiency of a return (or answer) to an alternative writ of mandamus may be challenged by a motion for a peremptory writ.

3. When the defense consists of matters in confession and avoidance the return must aver in detail every fact necessary to establish the avoidance.

4. When certain commodities, like petroleum and petroleum products, which are transported in bulk come into the state on an interstate movement, whether the subsequent movement of such products from the receiving point in the state to other points in the state are movements in interstate or intrastate commerce must be determined by the essential character of the commerce and not by the billing or forms of contracts.

5. When crude oil is pumped from tank steamers, which bring it into the state, into tank cars on the railroad tracks to be carried to the places to which it was originally intended by the shippers it should be taken, the last leg of the journey is not made an intrastate movement because a business agent of the shipper at the port of entry supervises the transhipment and rebilling of the commodity.

6. The mere existence of business agencies of oil companies at ports of entry to which crude oils and gasoline are brought in interstate movement is not the determining factor which converts the movement which began in interstate commerce into an intrastate movement.

7. The cause and purpose of the delay of the petroleum products brought into the state in interstate movement at the ports of entry to which they are first consigned are the factors by which it may be determined whether reshipments of the products at the ports of entry from storage tanks and warehouses into which the products have been stored is or is not a continuation of the original interstate movement.

8. An answer or return to an alternative writ of mandamus to require railroad companies to apply the intrastate rates in the transportation of petroleum oil and petroleum products in this State is insufficient as a defense which does not deny the allegations of the alternative writ as to: ownership of the products arriving at the ports to be in the shipper company; and that storage at the ports of

entry is for the convenience of the shipper and subsequent disposition of the commodity; that all or any portion of it may be resold and diverted from its original destination; that it is held at the storage tanks by the companies for their profit by sales to customers with whom at the time of original shipment they have no contract.

A case of original jurisdiction.

Peremptory Writ awarded.

*Fred H. Davis* and *George C. Bedell*, for Relators;

*W. E. Kay, W. J. Oven, James F. Wright* and *F. W. Gwathmey*, for Respondents.

---

THE STATE OF FLORIDA, *ex rel.* R. HUDSON BURR, A. S. WELLS AND E. S. MATTHEWS, AS RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA, *Relators*, v. SEABOARD AIR LINE RAILROAD COMPANY, *Respondent*.

1. A return to a sufficient alternative writ of mandamus must state all the facts relied upon by the respondent with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass upon the sufficiency of the return; and its statements cannot be supplemented by inference or intendment.

2. Great strictness of pleading is required in returns which set up matter of confession and avoidance.

3. A general denial in an answer in mandamus may be qualified or explained by the positive averments of the answer.

4. In mandamus proceedings, by moving for a peremptory writ on the pleadings, the relators admit the truth of the well pleaded averments of facts that are contained in the answer