[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 818 
A motion to quash the alternative writ herein was denied, State ex rel. v. Atlantic Coast Line Railroad, 95 Fla. 14, 116 So. R. 48. The writ requires the respondent to restore its track into Monticello and to render the public service there. The respondent has answered and the relators move for a peremptory writ notwithstanding the answer.
"A return to a sufficient alternative writ of mandamus must state all the facts relied upon by the respondent with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass upon the sufficiency of the return; and its statements cannot be supplemented by inference or intendment.
"Great strictness of pleading is required in returns which set up matters of confession and avoidance.
"A general denial in an answer in mandamus may be qualified or explained by the positive averments of the answer.
"In mandamus proceedings, by moving for a peremptory writ on the pleadings, the relators admit the truth of the well-pleaded averments of facts that are contained in the answer or return, but do not admit asserted conclusions that are not sustained by facts stated in the answer or return.
"A motion for peremptory writ of mandamus, notwithstanding the answer, contemplates a final order either quashing or dismissing the alternative writ or granting the peremptory writ." State ex rel. v. Seaboard Air Line Ry. Co., 92 Fla. 61, 63, 83; 109 So. R. 656, 657. *Page 819 
The statutes of Florida contain the following provisions:
"Every railroad company shall operate over every part of its line not less than one passenger and one freight train each way daily except Sunday, unless the railroad commissioners shall determine that the public need does not require a greater service than one mixed train each way daily except Sunday, and if they shall so determine such service will be deemed sufficient until the commissioners otherwise order." Sec. 4621, Rev. Gen. Stats. 1920, Sec. 6707, Comp. Gen. Laws 1927.
Under its power "to regulate commerce with foreign nations, and among the several States, and with the Indian Tribes," the Congress of the United States enacted the Transportation Act of 1920, which, amending the Interstate Commerce Act of 1887, confers upon the Interstate Commerce Commission statutory authority with reference to interstate railroads, and provides that "no carrier by railroad subject to this act shall abandon all or any portion of a line of railroad, or the operation thereof, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity permit such abandonment. * * * From and after the issuance of such certificate, and not before, the carrier by railroad may, without securing approval other than such certificate, comply with the terms and conditions contained in or attached to the issuance of such certificate and proceed with the* * * abandonment covered thereby. Any * * * abandonment contrary to the provisions * * * may be enjoined." U.S. Compiled Statutes, Sec. 8563; 116 So. R. 48.
The respondent claims that it has at least implied authority from the Interstate Commerce Commission to remove its railroad track between Yustee and Monticello and that *Page 820 
the service now rendered the public at the station called Monticello that is about two miles from the town of Monticello is adequate. These asserted defenses do not avail the respondent. The answer presents no express or implied authority to remove the tracks between Yustee and Monticello, and the service rendered at the new station called Monticello is not equivalent to that heretofore rendered at the station in the town of Monticello, even if equivalent service would be a defense to the writ.
The respondent made application to the Interstate Commerce Commission for permission to construct a line of railroad from Perry, Florida, northwestwardly "to a point at or near Monticello," the purpose being to connect with the interstate line from Thomasville, Georgia, to Monticello, Florida. The report made on the application refers to "the construction and operation of a line of railroad from a point at or near Perry in a northwestwardly direction to a point at or near Monticello"; and states that it is represented that "the chief purpose of the proposed line is to form a connecting link between two of applicant's existing lines" to "connect the northern terminus of applicant's Perry branch and the southern terminus of its Thomasville, (Ga.)-Monticello branch." The certificate issued by the Interstate Commerce Commission states "that the present and future public convenience and necessity require the construction and operation of the extension of the line of railroad * * * described in the application and report," which was to "connect the northern terminus of applicant's Perry branch and the southern terminus of its Thomasville, (Ga.)-Monticello branch." The southern terminus of the respondent's railroad from Thomasville to Monticello was in the eastern part of the town of Monticello, where the Monticello depot or station was located. In making the connection of the extension from Perry *Page 821 
on the south with the line going north from Monticello to Thomasville, the road going north from Perry was run west of Monticello to Yustee, which point is about five miles north of Monticello, leaving Monticello about a mile or more to the east from the respondent's extended railroad line. On this line a new station for Monticello was built about a mile or more west of Monticello, and the service over respondent's road into Monticello was discontinued by removing the track between Yustee and Monticello and abandoning the station on the eastern side of Monticello.
The application to obtain authority for the "construction and operation" of an "extension or connecting line of railroad from a point at or near Perry to a point at or near Monticello," contained specifications of "4.8 miles of track removed at $300.00, $1,440.00" and "1 brick station, Monticello, $15,000.00."
These specifications did not amount to an application to "abandon" the line from Yustee to Monticello; but the fair inference is that the "brick station, Monticello," was to be at the southern terminus of the Thomasville, (Ga.)-Monticello branch in the eastern part of the town of Monticello, and not a mile or more west of the town.
There is nothing in the application, maps, specifications, etc., to indicate that the purpose was to abandon the line into Monticello and to require the public to be served a mile or more west of Monticello and not at Monticello as theretofore. The certificate of authority is to construct and operate an extension of the line of railroad described in the application and report and "made a part" of the certificate.
The report states that the proposed line will connect the northern terminus of the Perry branch and the southern terminus of the Thomasville-Monticello branch, the latter *Page 822 
terminus being on the eastern side of Monticello. The certificate that the present and future public convenience and necessity require the construction of the stated extension of the railroad lines, is not an implied authority to abandon a portion of the line.
For the construction or operation of an additional or extended line of railroad, the Federal statute requires a certificate "that the present or future public convenience and necessity require or will require" such construction or operation, while to abandon a portion of a line of railroad the same section of the statute requires a certificate that the present or future public convenience and necessity "permit ofsuch abandonment." The amended answer does not show a certificate that the public convenience and necessity permits
an abandonment of "any portion of a line of railroad."
The respondent company avers "that since the 25th day of August, 1927, it has continuously rendered to the town of Monticello and vicinity a better freight and passenger service than had been rendered to said town and vicinity prior to the abandonment of said trackage and old depot within the corporate limits of said town."
The above and other averments of conclusion are not admitted by the motion for a peremptory writ, since such conclusions are not supported by particular facts averred; and if so admitted they do not justify the abandonment of the railroad line into Monticello and service thereover, no certificate of authority for such abandonment as required by the Federal statute being adduced in response to the alternative writ brought by the State commanding a continuance of the service heretofore rendered as required by the State statutes, until permission shall have been lawfully obtained authorizing a discontinuance and abandonment of the service. *Page 823 
A peremptory writ of mandamus is awarded.
TERRELL, C. J., AND STRUM, AND BROWN, J. J., concur.
ELLIS AND BUFORD, J. J., dissent.