STATE OF FLORIDA, ex rel. DENNIT K. KERSEY, v. JOHN D. JINKINS as Tax Collector of Seminole County, Florida, and R. W. WARE as County Judge of Seminole County, Florida.

10 So. (2nd) 914            June Term, 1942
December 18, 1942            Division A

*Garland W. Spencer,* for appellant.

*John D. Jinkins,* and *R. W. Ware,* in pro per. for appellees.

BUFORD, J.:

On October 9, 1942 appellant filed his petition in the Circuit Court of the Ninth Judicial Circuit in and for Seminole County, Florida, which was a wet county, against Jinkins and Ware as Tax Collector and County Judge, respectively, of Seminole County, Florida, seeking to coerce the issuance by the respondents of a state and county license to sell beverages containing alcohol of more than 1% per weight and not more than 14% by weight and wines regardless of alcoholic contents, in the Town of Oviedo, Florida in Seminole County.

Petitioner alleged that for two years last past he had held a license as a dealer in beverages in the class applied for and alleged that the Tax Collector and County Judge had declined to issue a license for the license year beginning October 1, 1942, in a letter as follows:

"Sanford, Florida
October 7, 1942.
Mr. Garland W. Spencer,
Attorney At Law,
Sanford, Florida.

"Dear Sir:

Referring to application of Mr. Dennit K. Kersey for a State and County license to sell wines of any alcoholic con-

tent and malt and spirituous beverages containing not more than 14% of alcohol by weight in the Town of Oviedo, in Seminole County, Florida. Said application was filed with the Tax Collector and $30.25 in currency tendered for the payment of such a license, which was not accepted.

"We decline to issue the license for the reason that Mr. Kersey did not present to us a license from the Town of Oviedo, an incorporated town, incorporated under the laws of the State of Florida."

Petition further alleged that there was no valid ordinance adopted by the Town of Oviedo requiring him to pay a license tax for engaging in the business for which he desired a State and County license.

The record shows that the Town of Oviedo is an incorporated town and that an ordinance, either valid or invalid, exists wherein it is provided for the payment of license taxes by persons engaged in the sale of alcoholic beverages in such municipality, which ordinance provides a tax to be paid, "For vendors who may sell only beverages containing alcohol of more than one per centum by weight and not more than fourteen per centum by weight, and wines regardless of alcoholic content—$15.00."

Chapter 561, Fla. Statutes of 1941, provides for license fees to be paid by vendors of alcoholic liquors and sub-section II of Section 561.34, Fla. Statutes 1941, provides:

"II. Vendors who may sell only beverages containing alcohol of more than 1 per cent by weight and not more than 14 per cent by weight, and wines regardless of alcoholic content, in counties where the sale of intoxicating liquors, wines and beers is permitted, $15.00."

Section 561.36, Fla. Statutes 1941, empowers cities and towns to collect not exceeding 50% of the amount of the state and county license tax which when paid to the city or town is required to be deducted from the amount of the state and county license tax. This section also contemplates that the state and county license shall be issued to the applicant upon his exhibiting to the county tax collector a receipt for the payment of such city or town license tax.

The petitioner alleged in his petition that the ordinance adopted by the Town of Oviedo was null and void.

The respondents moved to quash the alternative writ of mandamus wherein, inter alia, it was alleged:

"1. It appears by the petition in this cause that the town of Oviedo has substantial rights in this cause, are not before this Court and have not been joined as parties herein.

"2. Mandamus cannot be made an instrument for giving a Court jurisdiction of litigation on collateral matters in an irregular way.

"3. Petition shows on its face that there is an ordinance in the town of Oviedo prescribing and limiting the place of the sale of beers and wines, which was in effect prior to the time petitioner made application to your respondents for license to sell wine and beers, and petitioner does not show that the place of business where he sought license to conduct the place for the sale of wine and beers was outside of the area prescribed by the town of Oviedo wherein wine and beers could not be sold.

"4. The petition shows on its face that mandamus is sought to force a compliance when and if the respondents should comply the acts would be nugatory and fruitless to the relator.

"5. Mandamus will not issue to inforce a right which is conditional or incomplete by reason of conditions which have not been or which are still to be performed by the relator, to-wit: the obtaining of a license in the town of Oviedo to sell wine and beers at place designated in his application for license to your respondents." It is not necessary to mention other grounds.

If the ordinance of the town of Oviedo was void the petitioner's right is to proceed against the town to enjoin the enforcement of a void ordinance, but the validity or invalidity of such ordinance could not be made an issue in a suit to which neither the municipality nor its officers were made parties. In other words, the validity of the town ordinance could not be determined on collateral attack in a suit to which neither the City, nor its officers, was a party.

It is elementary that when proceeding in mandamus the petitioner must show a clear right to the relief prayed and in a case like this must show that it is the clear and unequivocal duty of the officers sought to be coerced to do the thing which he attempts to have them required to do. The petition fails to meet either of these requirements.

The ordinance pleaded by the relator contains the following:

"Section 3. The following portion of the Town of Oviedo, Florida, is hereby designated as a zone in which the business of distributing or selling of the beverages containing more than one per centum of alcohol by weight, may be sold, to-wit:

"On the Street of said Town known and designated as 'Broadway' from the intersection thereof and Central Avenue east to the street of said Town known and designated as 'Division.'

"On Central Avenue of Town from the intersection thereof with said 'Broadway' to a point on said Central Avenue six hundred (600) feet north of said intersection.

"Section 4. That from and after the time this ordinance becomes effective no person, firm or corporation shall engage in the business of manufacturing, distributing or selling the beverages described in Section 1 hereof in any other zone of the Town of Oviedo, Florida, than that described in Section 3 hereof without special permission from the Town Council of said Town."

There is nothing in petitioner's petition to show that his place of business was located within a zone where the sale of such liquor was not prohibited by the ordinance, the validity of which ordinance he can not challenge in this proceeding.

It, therefore, follows that the judgment appealed from must be affirmed and it is so ordered.

Affirmed.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.