HOBSON, Justice.
These are appeals from two final decrees of the circuit court, each holding Ordinance No. 27 of the Town of Hillsboro Beach to be void and of no effect because of (1) unreasonableness and (2) certain irregulaiities surrounding its adoption by the town’s governing body. The ordinance in question purported to change the zoning classification of a tract in the center of the town from “Residence B”, which permits the erection of multiple dwellings, to “Residence A”, which permits only single family residences. None of the persons who signed petitions requesting the rezoning of this area own land therein, and all appellees here are landowners in this area.
The ordinance was first challenged in the Weaver suit, which was referred to a master and concluded in favor of plaintiff-ap-pellees, the trial court accepting the master’s findings and recommendations. A final decree in the companion Barnes case, raising the same issues, was entered by *464 stipulation and the cases were consolidated for this appeal.
It would serve no useful purpose to detail the facts of these cases. We have perused the record carefully and are convinced that no reversible error has been made to appear. The procedural defects preceding the adoption of Ordinance No. 27 come within the rule of City of Hollywood v. Rix, Fla., 52 So.2d 135, for we agree with appellees that a proper construction of F.S. § 176.05, F.S.A., requires the hearing contemplated therein to be provided by the governing body of the town rather than by the Zoning Board, which was created merely as an advisory body, without legislative power.
Affirmed.
MATHEWS, C. J., and TERRELL, THOMAS, SEBRING and ROBERTS, JJ., concur.
DREW, J., dissents.