299 So.2d 611 (1974)
BAL HARBOUR VILLAGE, a Municipal Corporation, and R.W. Patterson, Appellants,
v.
STATE of Florida ex rel. V.E. GIBLIN, As Trustee, Appellee.
No. 74-673.
District Court of Appeal of Florida, Third District.
September 5, 1974.
Rehearing Denied September 26, 1974.
*613 Shutts & Bowen and Robert A. Jarvis, Jr., Miami, for appellants.
Sibley, Giblin, Levenson & Ward, Miami Beach, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellants, Bal Harbour Village and R.W. Patterson, the village official charged with the duty of issuing building permits, appeal a final judgment awarding a peremptory writ of mandamus to the appellee, V.E. Giblin, as Trustee. The writ commanded the Village to issue a building permit to the appellee for the construction of an oceanfront apartment building.
The trial judge has given us the benefit of an extensive opinion containing a history of the case as follows:
* * * * * *
"The command of the Alternative Writ required the Respondents to forthwith issue to the Petitioner the building permit as sought and described in the Alternative writ and in default thereof the Respondents were required to show cause, if any they had, before this Court on the 8th day of March, 1974, at 12:00 noon, why the Court should not render a final judgment in mandamus awarding to the Petitioner a peremptory writ of mandamus requiring the issuance of such building permit.
"Upon the return date the Respondents filed a motion to quash and a motion to strike the Alternative Writ, which were argued, and the said motions were denied. At the request of the Respondents the Court extended the time in which the Respondents might file a return to the Alternative Writ until March 18, 1974. After the return was filed, the cause was then set for the disposition of all motions and matters for April 11, 1974. On April 8, 1974, the Petitioner filed her motion for the issuance of the peremptory writ and for a judgment awarding the same, the return of the Respondents notwithstanding. The only question for the Court to determine, therefore, is whether the return is sufficient."
The trial judge found that the return was not sufficient upon the following statement of the law governing mandamus:
"The return must be measured by the rules of pleading, which are particularly and peculiarly applicable to a mandamus proceeding. The `statement of a return to an alternative writ of mandamus should be positive and not on information and belief.' State v. Haskell, [72 Fla. 176] 72 So. 651. `The return to an alternative writ of mandamus should for the purpose of making an issue set up a positive denial of material facts as stated or should state other facts sufficient to defeat relator's right.' State v. Haskell, supra. Thus a general denial is insufficient. A denial of matters alleged in an alternative writ of mandamus by way of inducement does not present a material issue. See State v. Haskell, supra. `All facts sufficiently alleged in an alternative writ of mandamus not specifically denied are admitted to be true, and that a return containing mere averments of lack of knowledge of the truth of the averments of an alternative writ presents no material issue and may be disregarded.' State v. Scholtz, [119 Fla. 460] 158 So. 812. A return is insufficient which attempts to deny the Petitioner's right `in general terms' and which failed to `allege specific facts which would put in issue the Petitioner's right.' See Liebman v. *614 State, 136 So.2d 645. A return to an Alternative Writ of Mandamus, to be sufficient, `must state all the facts relied upon by the Respondent with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass upon the sufficiency of the return; and its statements cannot be supplemented by inference of intendment.[1] State v. Atlantic Coast Line R. Co., [97 Fla. 816] 122 So. 256. In that same case (State v. Atlantic Coast Line R. Co., supra) the Supreme Court of Florida points out that `great strickness of pleading is required in returns' and a general denial is insufficient and such denial will be qualified by positive averments. `Allegations of ultimate conclusions of fact are insufficient.' Jukes et al. v. State, [123 Fla. 260] 166 So. 552.
"`In mandamus neither a demurrer to the answer nor a motion for the peremptory writ, the answer notwithstanding, admits either conclusions of law or conclusions of fact not sustained by facts properly alleged.' See State ex rel. v. Seaboard Airline Ry. Co., [92 Fla. 61] 109 So. 656 at page 664. When the return amounts to a confession and avoidance `though containing denials of some portions of the alternative writ, the avoidance must be as broad as the confession, or the return will be held bad and a peremptory writ issued, notwithstanding the interposition of a return containing denials.' State v. Smith, [105 Fla. 368] 141 So. 318. Thus, an example of the strictness required in the pleading of facts in a return is shown in the case of State ex rel. [Burr] v. Seaboard Airline Ry. Co., [92 Fla. 61] 109 So. 656. In that case the Supreme Court of Florida pointed out:
`Where the allegations of an alternative writ of mandamus show that the shipments to which an intrastate rate is commanded to be applied are intrastate shipments, and the answer to the alternative writ avers conclusions that the shipments are interstate shipments, but does not state facts that clearly show the shipments to be in fact and in law interstate and not intrastate shipments, such answer is not a good defense to the issuance of a peremptory writ.'
"Measuring the Respondents' return by these rules, it appears that all allegations on information and belief and all denials based on information and belief and all denials that are not positive or specific and all conclusions of fact and law are to be disregarded and are of no avail as a defense against the peremptory writ of mandamus. Moreover, all allegations of the Alternative Writ to which the Respondents aver that they are without knowledge and all denials which are not positive or specific or which are not supported by averments of fact are admitted and all specific and positive denials of matters of inducement raise an immaterial issue constituting no defense to the Alternative Writ."
The trial court found that the response of the Village raised no factual issues but did raise two issues of law:
"A. The failure of the Village of Bal Harbour to give notice of a public hearing and hold a public hearing in the enactment of its two zoning ordinances No. 11 and No. 158 are not fatal to the validity of those ordinances.
"B. The Petitioner is estopped from urging the invalidity of Ordinances 11 and 158 or has waived her right to question the validity of said ordinances because her representatives participated in meetings of the City Council of Bal Harbour Village prior to the adoption of Ordinance No. 158."
In each instance the judge held that the legal defense raised by the Village were not sustainable under the law. Thereupon, the final judgment awarding the peremptory writ was entered and after the denial of *615 post-judgment motions, this appeal followed.
Appellants' first point challenges the judgment upon the basis that the petition and writ were legally insufficient and therefore that the court erred in denying appellants' motions directed to the alternative writ. It is urged that the petition failed to show a clear legal right to the issuance of the building permit; that on its fact the petition showed that the petitioner had not complied with conditions precedent and had not exhausted her administrative remedies.
Appellants' position is obviously well taken if either its comprehensive zoning ordinance number 158 or the predecessor ordinance number 11 is valid, but we pass that question for discussion under appellants' point III. We have examined the petition and the alternative writ in the light of appellants' other arguments and we find that they are sufficient. Ray v. Wilson, 29 Fla. 342, 10 So. 613 (1892); State ex rel. Kersey v. Jinkins, 1942, 152 Fla. 113, 10 So.2d 914; Sanitarians' Registration Board v. Solomon, Fla.App. 1963, 148 So.2d 744, reversed Fla. 1963, 155 So.2d 353.
The second point presented contends that the return of the appellants raised material issues of fact. If this is true then of course the trial judge erred in issuing the peremptory writ without a trial of the issues of fact raised. See City of Bradenton v. State ex rel. Perry, 118 Fla. 838, 160 So. 506, 100 A.L.R. 400, (1935); State ex rel. Johnson v. Roberts, 134 Fla. 326, 184 So. 14 (1938).
The issues of fact suggested by appellants are: (1) the rights and duties of the Village with reference to appellee's compliance with the South Florida Building Code, and (2) whether the revised plans and specifications submitted by appellee were approved by the Fire Safety Bureau of Metropolitan Dade County and the Pollution Control Department of Metropolitan Dade County.
The return did not specify with any particularity any condition precedent in the building code which had not been satisfied by the revised plans and specifications. The law places a specific burden upon the municipality to come forward with exact facts upon which it refused to perform the act required by the alternative writ. Such facts are pecularily within the knowledge of the municipal officials. If, as contended by the municipality, the approval by the Fire Safety Bureau of Metropolitan Dade County and the Pollution Control Department are "conditions precedent" to the issuance of a building permit by the municipality, then the return must specify with particularity that the approvals are required by ordinances of the municipality, that it is petitioner's duty to supply written approval and allege that the written approval has not been furnished by the petitioner. These allegations do not appear in the return despite the fact that the petition sets forth letters, as exhibits, purporting to show approval. The trial judge correctly determined that the return was insufficient to raise issues of fact. See Treat v. State ex rel. Dann, 118 Fla. 899, 160 So. 498 (1935).
A more substantial question is raised by appellants' third point on appeal, wherein error is urged as to the trial court's holding that Bal Harbour Village Comprehensive Zoning Ordinances 158 and 11 are void. The basis of the trial court's holding is set forth in the following portion of the court's order:
"The initial zoning ordinance of Bal Harbour Village, Ordinance No. 11, attached to the Alternative Writ as Exhibit J, in Section 8 thereof provides in reference to amendments to the ordinance that `all provisions relative to public hearings and official notices shall apply equally to all changes or amendments.' This provision is also found in Ordinance No. 158. This language is taken verbatim from paragraph 5, Chapter 9837, Laws of Florida, 1923, and Section *616 176.06 F.S. This demonstrates the applicability of both chapters to the adoption and amendment of zoning ordinances in Bal Harbour Village. Moreover, this provision must be followed and a failure to give notice and hold public hearing, as required by the ordinance itself when an amendment is sought, renders the amendment invalid. In the case of Florida Tallow Corp. v. Bryan, 237 So.2d 308, the District Court of Appeal of Florida, Fourth District, said:
`The Town cannot exercise the authority to change zoning granted by one provision of Ordinance 5-63-1, the comprehensive zoning plan, and yet completely ignore the obligatory requirements of the same ordinance as they pertain to the method and procedure for making zoning changes.'
"The Charter of the Village vests in the Village `the power to exercise all powers now or hereafter available to municipalities under the General Laws.' This confers upon the Village Council and the municipality the right to exercise the powers conferred by Chapter 176. Section 176.05, F.S., provides:
`176.05 Municipality to provide procedure; regulation, restriction or boundary not effective until after public hearing thereon; publication of notice of hearing required.  The governing body of the said municipality shall provide for the manner in which such regulations and restrictions and boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper of general circulation in said municipality and if there be no newspaper published within the municipality then three notices shall be published in at least conspicious places within the municipality including the city or town hall as the case may be.'
"In the case of Knowles v. Town of Kenneth City, [Fla.App., 247 So.2d 748] supra, and in the case of Town of Hillsboro Beach v. Weaver, [Fla., 77 So.2d 463] supra, the Charters of those two municipalities contained a similar provision with reference to exercising the powers granted by general law as that contained in and quoted from the Charter of the Village. In the case of Town of Hillsboro Beach v. Weaver, supra, the Supreme Court of Florida held that the Town was required to give notice and hold a public hearing as provided by Section 176.05, Florida Statutes. To the same effect, it is the decision of the District Court of Appeals of Florida, Second District, in the case of Knowles v. Town of Kenneth City, supra. It is to be noted that the provisions for public hearing contained in Section 176.05, Florida Statutes, are identical with the provisions contained in Chapter 9837, Laws of Florida, 1923. In either event, the Village failed to comply with these requirements. This is jurisdictional and cannot be waived. Indeed it is a condition precedent to the activation of the power of the Village to adopt a zoning ordinance or to amend a zoning ordinance."
The petition attached the minutes of the council meetings at which ordinance 11 and ordinance 158 were passed, none of them showing publication of a notice. In fact, there is no issue made that publication was in fact accomplished. Appellants urge here that publication of notice was not required because the municipality did not proceed under Chapter 176, Fla. Stat. We hold that the trial court correctly determined that the ordinance on its face shows that publication of a notice was essential *617 to its validity. Due process for the deprivation of the use of property requires no less. Cf. Rowland v. State, 129 Fla. 662, 176 So. 545, 114 A.L.R. 443 (1937). Such a broad holding is not necessary here where the ordinance purports to be enacted pursuant to a statute requiring publication of notice.
Next appellants urge that appellee is estopped to challenge the procedural sufficiency of the ordinance because the appellee had actual notice of its passage. Appellants rely upon Malley v. Clay County Zoning Commission, Fla.App. 1969, 225 So.2d 555 which recognizes that a person who appears at the hearing and fully registers his objections may later be estopped to object on the ground of a defective notice of hearing. The cited case concerns an amendment to a comprehensive zoning ordinance. We would hold that the notice requirement for a comprehensive zoning ordinance may not be waived by a single objector. Here the trial court's holding is supported by the fact that the minutes of the meeting where ordinance 158 was adopted show that the legal representative of the appellee, who was present, had no opportunity to register his objections. We hold therefore that the trial court correctly ruled that no issue of fact appeared upon the purported claim of estoppel.
The municipality had in 1948 adopted its first comprehensive zoning ordinance, and there is no doubt that it also was passed without notice by publication. However, appellants urge that the trial court should not have considered the question of the validity of the prior ordinance because its invalidity was not asserted in the petition. It is true that the petition does not contain a sentence directly stating that the prior ordinance also is invalid, but it does raise the question by setting forth the manner of the passage of the ordinance and claims the legal right to the issuance of the building permit without compliance with the prior ordinance. We think that the question was properly before the trial court.
Appellants next urge that the trial court failed to apply the correct law when it voided the comprehensive zoning ordinance (number 11) passed in 1948 for a procedural defect. It is urged first that section 165.24, Fla. Stat., validates all ordinances more than ten years old. Admittedly, the section passed in 1872 validates the prior acts of cities and towns in existence for ten years and not incorporated under the provisions of that statute, but it does not have the effect appellants claim for it. A question is presented by the fact that appellee acted under ordinance number 11 and sought a variance from the provisions of that ordinance. This fact affirmatively appears from the exhibits attached to the return of the writ. We have held that in seeking a variance from the requirements of an ordinance, the validity of the ordinance is generally admitted. Servatt v. Dade County, Fla.App. 1965, 173 So.2d 175; City of Miami v. Stegemann, Fla. App. 1964, 158 So.2d 583. The cited opinions stand for the proposition that a proceeding seeking a variance admits the validity of the ordinance for that proceeding. We do not hold that an application for a variance is an estoppel in subsequent litigation. Further, we are of the view the trial judge applied the correct principle of law when he declared invalid the initial zoning ordinance number 11 for the failure to give notice and hold a public hearing as required prior to the adoption of the ordinance. See Paragraph 5, Chapter 9837, Laws of Florida, 1923, and section 176.06, Fla. Stat.
Appellants' fourth point urges that they should have been given an opportunity to amend their return. While mandamus is subject to the ordinary rules of pleading, it is a direct and speedy remedy. The petitioners were entitled to a decision upon the *618 sufficiency of the return. Cf. State ex rel. Durrance v. City of Homestead, 125 Fla. 105, 169 So. 593 (1936). No error is demonstrated upon the refusal to grant leave to file an amended or supplemental return.
We find no error under appellants' fifth point which urges that the commands of the alternative and the peremptory writs were so indefinite as to be subject to its motion to quash. The command was to issue a building permit pursuant to the revised plans on file with the City. Appellants chose not to comply but stood upon the grounds set forth in their return. We find no fatal uncertainty.
After the filing of the notice of appeal in this case and at a late stage in the proceedings in this court, the appellants filed a "Petition for the Disposition for the Pending Appeal." This petition alleges that the cause is moot because the Village has now passed in full compliance with all requirements for publication of notice a new comprehensive zoning ordinance. It is further alleged that appellee's plans and specifications do not conform to this new ordinance. We point out first that this court is not required to dismiss an appeal because one or both parties consider it moot. See Ervin v. Capital Weekly Post, Fla. 1957, 97 So.2d 464. Secondly, we hold that the passage of a new ordinance does not destroy the rights which may have accrued to the appellee under his application for a building permit. Appellants' right to the peremptory writ of mandamus must be determined as to the date of the alternative writ. See The City Council of the City of North Miami Beach v. Trebor Construction Company, Fla.App. 1973, 277 So.2d 852.
Having considered each of appellants' points and finding no reversible error, the judgment and entry of the writ of mandamus is affirmed.
Affirmed.